## STATE OF TENNESSEE *v.* HENRY FARROW.

CRIMINAL LAW. *Discharge of jury without verdict. Special Judge. Entry o record.* The prisoner had been tried previously for the same offense. Upon that trial the evidence was heard and jury charged, when the judge was taken suddenly sick, and a special judge elected according to law in such cases. It was agreed that the jury might retain a verdict as though the regular judge presided; they had to be discharged without agreeing, all of which appeared of record, being entered with other business transacted by the regular court before leaving the bench, who failed to sign the minutes for several terms thereafter. *Held,* that this did not entitle the defendant to be discharged.

Case cited: Moore *v.* State, 3 Heis., 493.

### FROM SHELBY.

Appeal from the Criminal Court.    JOHN D. ADAMS, Judge.

ATTORNEY-GENERAL HEISKELL for the State.

L. B. HORRIGAN for defendant.

FREEMAN, J., delivered the opinion of the court.

The defendant was convicted by verdict of a jury February 9, 1876, of involuntary manslaughter, and sentenced to six months imprisonment in the jail of Shelby county. He made a motion to be discharged based on the following state of facts:

The prisoner had been tried previously, in 1873, before Judge Flippin; on that trial the evidence had been heard and jury charged when the judge was

taken suddenly sick and compelled to leave the bench;
he was not able to resume his place during that term.
The bar thereupon, in pursuance of the statute, elected
L. B. Horrigan as special Judge to hold the court.
Horrigan was the counsel for the prisoner. The jury
having the case under consideration, his counsel agreed
that they might return their verdict while he pre-
.sided, and the verdict might go on the minutes as if
all the trial had taken place before Judge Flippin, it
being then supposed that Judge Flippin would be ab-
sent but for a few days. The clerk entered up the
proceedings in this form, together with other business
done by Judge Flippin before his retirement from the
bench; but these entries were not signed by the judge
or clerk until some terms after. In fact, the pris-
oner had been tried again and appeal taken to this
·court, the case reversed and remanded, and no effort
made to take advantage of it. ·

We do not think there was any sufficient ground for
.a discharge of the prisoner. The principle of the case
of *Patrick Moore* v. *The State*, 3 Heis., 493, is con-
·clusive of the question. In that case the entries were
made by the clerk, but never signed by the judge,
he having died suddenly. We said in that opinion
that we must look to the entries of the clerk in the
performance of his official duty with all the presump-
tions in favor of the regularity and correctness of
official action. We think this principle applies with
more force in the present case, as we find that it
was agreed that what purports to have been done
might be done; and in addition, we have the certifi-

cate of the judge to the minutes as to their correctness from his own knowledge up to the time covered by the agreement. We can see no possible injury that can result to the prisoner from this view. We can have no question but that what is found in entries of the clerk is certainly the truth of the case. To disregard this would be to turn a convicted criminal loose upon the barest technicality. We do not feel called on to do this, nor to make such a precedent.

Affirm the judgment.