## HAMILTON *v.* STATE.

*(Knoxville, September Term, 1940.)*

Opinion filed March 8, 1941.

LEWIS S. POPE, of Nashville, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for defendant in error.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

Plaintiff in error, Ralph Hamilton, hereinafter referred to as defendant, was indicted for the murder of Herbert Crawford. Upon his trial, he was found guilty of murder in the second degree and his punishment was fixed at fifteen years' confinement in the state penitentiary. He has appealed to this court and assigned errors.

The contention that there is no material evidence to support the verdict and that the evidence preponderates in favor of the innocence of the defendant has been disposed of in a written opinion this day filed,[1] wherein we found against the above contention.

Upon the hearing of this cause before this court it was insisted by counsel for defendant that the entire proceedings were invalid; first, because at the January term, 1940, of the circuit court of Bledsoe County, at which the indictment was returned, the minutes were not signed by the trial judge until some time during the regular September term, 1940, and second, because the minutes of the May term, 1940, at which defendant's trial was held has never been signed by the trial judge.

We think the case of *State ex rel.* v. *Hardin*, 163 Tenn., 471, 43 S. W. (2d), 924, is conclusive against the first ground of objection. As to the second ground of objection, it is stipulated that counsel for defendant prepared an order overruling defendant's motion for a new trial, presented the same to the trial judge and had such order approved for entry by him, and thereupon the same was placed in the hands of the clerk of the court who proceeded to enter the same upon the minute book of the court at the May term, 1940; but this entry upon the minutes, together with all other minute entries for the

---

[1]No opinion for publication.

May term, 1940, have not been approved as signed by the trial judge.

The minute entry, May term, 1940, recites the appearance of the parties, the empanelling of the jury, the hearing of evidence of both the State and defense and argument of counsel, "the jury aforesaid charged and instructed by the court," the placing of the jury in charge of named bonded deputy sheriffs, who were sworn to attend the jury; that the jury retired until the following morning "and informed the court that they had agreed on a verdict, and upon their oaths do say they find the defendant Ralph Hamilton guilty of murder in the second degree, and the defendant Ralph Hamilton was sentenced to 15 years and one day in the state penitentiary," and ten days were given to file motion for new trial.

The minute entry of June 22, 1940, recites that the cause came on to be heard upon the motion for a new trial; that after hearing the motion and oral arguments thereto, "the court overruled said motion for a new trial which is as follows (the motion is then set out). To the action of the court in overruling the motion for a new trial the defendant excepts and reserves all exceptions thereto; also the defendant excepts to the verdict of the jury in finding him guilty of murder in the second degree and excepted at the time and excepts now to the action of the court in sentencing him to the penitentiary for a period of from 10 to 15 years; and the defendant excepted then and excepts now to all adverse rulings and actions of the court and prays an appeal to the next term of the supreme court at Knoxville which appeal is by the court granted and the defendant's bond fixed at $15,000.00 and the defendant is allowed 60 days from

this date the term of court adjourning today within which time to tender and file his bill of exceptions.''

Defendant tendered his bill of exceptions within the time allowed which, it is recited therein, ''is signed, approved and identified by the trial judge Alan S. Kelly and made a part of the record in the cause. (Signed) Alan S. Kelly, Circuit Judge. O. K. Lewis S. Pope, Attorney for Dft.''

The case was brought to this court by the appeal of defendant. He has filed his assignments of error and invoked the judgment of this court thereon. His only authority for such appeal comes from the minute entry above noted. It is insisted for the State that, ''His only authority for filing a bill of exceptions is contained in this order and the State respectfully insists, therefore, that by praying and being granted such appeal, by filing his bill of exceptions herein, by assigning errors upon the facts contained in such bill of exceptions, the plaintiff in error has represented to this court and averred the validity of such minute entry and cannot now be heard to insist that such are invalid.'' In support of this contention, the State relies on the case of Z. M. Young v. State,[1] December term, 1927, a copy of which is attached to the brief of the Assistant Attorney-General. That case is, we think, in point here, and is determinative of the question here presented. The court said:

''We are of the opinion, therefore, that the action of the plaintiff in error in prosecuting his appeal by filing his assignments of error, hereinabove responded to, has itself given verity to the minute entry of July 29th, which together with the certificate of the clerk of the trial court, constitutes a sufficient authentication of the record of

---

[1]No opinion for publication.

the trial in the circuit and criminal court, even though said minute entry does not bear the signature of the presiding judge."

Our conclusion is that the judgment of the trial court must be affirmed.