FRED HOWARD, JR., Plaintiff in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

399 S.W.2d 738.

(*Jackson*, April Term, 1965.)

Opinion filed February 7, 1966.

EDWARD G. THOMPSON and W. D. STINSON, Memphis, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, and THOMAS E. Fox, Assistant Attorney General, for defendant in error.

MR. JUSTICE CRESON delivered the opinion of the Court.

Plaintiff in error, Fred Howard, Jr., hereinafter called the defendant, was indicted in the Criminal Court of Shelby County, Tennessee, on October 9, 1964, for murder in the first degree. The indictment charged him with the felonious, wilful, deliberate, premeditated and malicious killing of Johnny Earl Boykin, on September 30, 1964, The defendant was put to trial on January 27, 1965, in the Shelby County Criminal Court, the Honorable Sam D. Campbell, Judge, presiding.

After hearing the evidence and charge of the Court, the jury returned a verdict of guilty against the defendant; and sentenced him to thirty years in the State Penitentiary. After timely filing and presentation of motion for new trial, the same was purportedly overruled. Appeal has been duly perfected and Bill of Exceptions properly filed.

Defendant's Assignment of Error is as follows:

"There is no evidence to support the verdict of the Jury and the verdict of the Jury is contrary to the law and the evidence."

In support of this Assignment of Error the brief and argument of defendant are, in essence, that the evidence in the record fails to show that degree of premeditation essential to a conviction for first degree murder; and that the record in fact reflects that defendant's actions were taken in his own self-defense.

Obviously the Assignment of Error goes to the merits of the case. In view of what is hereinafter said, this Court finds it is unable to reach the merits of the case. The technical record reflects that the jury returned a verdict of guilty and that judgment approving such verdict and sentence was prepared and is in the record. On examination, however, we find that the minutes recording these actions were not signed by the Trial Judge who heard the same. In fact, these minutes are not signed by any Judge. The judgment purports to be of record as of January 28, 1965. It is known that the late and lamented Judge Campbell died on March 29, 1965.

The record further shows that the defendant timely filed his motion for new trial on February 26, 1965. The minutes copied into the technical record reflect that this

motion for new trial was heard and overruled by the Trial Judge on February 26, 1965. Again, however, these minutes likewise do not bear the signature of Judge Campbell; or, in fact, that of any other Judge.

Thereafter, on May 24, 1965, an authenticated Bill of Exceptions was filed and made a part of the record. The Bill of Exceptions and the minute entry recording this order purports to bear the signature of Arthur C. Faquin, Jr., Judge. The fact is, this estimable gentleman is the successor, by appointment, to the late Judge Campbell. Clearly, he had no participation whatever in the handling of this case, other than the signatures in connection with the Bill of Exceptions and Order. This will be commented upon later.

Thus it is that (1) the minutes of the Shelby Criminal Court, approving and recording the verdict of guilty handed down by the jury and sentence thereon, and (2) the minutes of the Court reflecting hearing on the motion for new trial and the overruling of the same, are not authenticated by the signature of the Trial Judge who heard the cause.

This situation has given the Court grave concern; and has led us to an assiduous reexamination of what we believe to be all of the case and statutory authority in Tennessee bearing upon the question of whether the above-mentioned minutes of the Court's actions are valid and efficacious—without authentication by the signature of the Trial Judge. If not, it seems to inescapably follow that (1) there is no valid and effective judgment on the verdict of the jury; and (2) there is no valid and efficacious ruling of the Court on defendant's motion for new trial. We have critically examined *Johnson v. Johnson* (1870), 49 Tenn. 521; *Moore v. State* (1871), 50 Tenn.

493; *Bass v. State* (1872), 65 Tenn. 579; *State v. Farrow* (1876), 67 Tenn. 571; *Jackson v. Jackson* (1878), 3 Tenn. Cas. 18; *State v. True* (1905), 116 Tenn. 294, 95 S.W. 1028; *Crum v. Fillers* (1926), 6 Tenn.App. 547; *Wilkenson v. Johnson City Shale Brick Corp.* (1928), 156 Tenn. 373, 299 S.W. 1056, 2 S.W.2d 89; *State ex rel. Pierce v. Hardin* (1931), 163 Tenn. 471, 43 S.W.2d 924; *Mullen v. State* (1932), 164 Tenn. 523, 51 S.W.2d 497; *Hines v. Thompson* (1940), 25 Tenn.App. 86, 148 S.W.2d 376; *Hamilton v. State* (1941), 177 Tenn. 282, 148 S.W.2d 375; *Chrisman v. Metropolitan Life Ins. Co.* (1942), 178 Tenn. 321, 157 S.W.2d 831; *McClain v. State* (1948), 186 Tenn. 401, 210 S.W.2d 680; *Gilpin v. Burrage* (1948), 188 Tenn. 80, 216 S.W.2d 732; *Hickle v. Irick* (1956), 42 Tenn.App. 183, 300 S.W.2d 54; *Cobb v. Brown* (1956), 42 Tenn.App. 595, 305 S.W.2d 241; *Duboise v. State* (1956), 200 Tenn. 93, 290 S.W.2d 646; *Jackson v. Handell* (1959), 46 Tenn. App. 234, 327 S.W.2d 55, and others.

This collation leads to two prime conclusions, (1) that the law of Tennessee with respect to the question above stated has vaccilated to a distressing degree, and (2) that this highly significant judicial procedure should not be left in the penumbra. The same observation might be made with respect to Tennessee text authority. Caruthers History of a Lawsuit (8th Ed.) Sec. 385—pp. 434-435; Tennessee Procedure in Law Cases, Higgins and Crownover, Sec. 1721, p. 684; Gibson's Suits in Chancery, 5th Ed., Sec. 613—p. 670.

The rule in this State for generations has been, and is, that "minutes" are indigenous to Courts of record; and when they are signed by a Judge, they become the highest evidence of what has been done in the Court. So far as they are records of judicial proceedings,

they import absolute verity, and are conclusive unless attacked for fraud. The rule has been stated otherwise that a "Court of record" is a Court where acts and judicial proceedings are enrolled in parchment for perpetual memorial and testimony. These rolls are called the "record" of the Court and are of such high and transcendent authority that their truth is not to be questioned. *Page v. Turcott* (1943), 179 Tenn. 491, 167 S.W.2d 350.

■■ It is at least implicit in all that we have read in this connection that the foregoing rule has its roots in the confidence of the public in the probity and meticulous care on the part of its judiciary. It is of the utmost of importance that such confidence be not enervated by laxity. Tennessee Code Annotated, Sec. 16-106, provides as follows:

"16-106. Minutes.—The minutes of the court shall be read each morning in open court, and signed by the judge. [Code 1858, sec. 4101 (deriv. Acts 1809 (Sept.), ch. 49, sec. 20); Shan. sec. 5913; Code 1932, sec. 10112.]"

It is true that this Section has repeatedly been construed as being directory, rather than mandatory. It is nevertheless right and proper that such directions not be ignored.

The Legislature of the State of Tennessee, in Chapter 21 of the Public Acts of 1945, sought to fix a cure for problems arising from (1) vacancy of the office of a Trial Judge, and (2) death or insanity of a Trial Judge. That Act is, in part, as follows:

"17-117. *New trial after death or insanity.*—Whenever a vacancy in the office of trial judge shall exist

by reason of the death of the incumbent thereof, or permanent insanity, evidenced by adjudication, after verdict but prior to the hearing of the motion for new trial, a new trial shall be granted the losing party if motion therefor shall have been filed within the time provided by rule of the court and be undisposed of at the time of such death or adjudication. [Acts 1945, ch. 21, sec. 2; mod. C.Supp.1950, sec. 9949.2.]"

"17-118. *Death or insanity pending appeal.*—Whenever such a vacancy arising from death or permanent insanity, evidenced by adjudication, shall occur after disposition of the motion for new trial and appeal prayed and granted, but before the expiration of the time allowed for filing the bill of exceptions, the successor judge shall have and possess the power to approve the bill of exceptions in such case if, after hearing, he shall find that it fairly states the truth of the case. If such successor judge be unable to determine the truth of the case as stated in the bill of exceptions, he shall have power to award a new trial to the losing party. [Acts 1945, ch. 21, sec. 3; C.Supp.1950, sec. 9949.3.]"

The latter section probably does cure any problem with respect to the bill of exceptions in the case at bar; but neither of the sections purports to cure those with respect to the effective entry of judgment and the action of the court on the motion for new trial.

With all due respect to what has heretofore been said by this Court on the subject now before us, we are constrained to the view that so important a judicial function as authenticating the minutes of a Court of Record is not permissibly to be either lightly treated or ignored. Any other rule appears to be fraught with so much of poten-

tial mistake, mischief, and even evil doing, as to demonstrate such to be impermissible.

It follows that the judgment in this case will be reversed and the cause remanded to the Criminal Court of Shelby County, Tennessee, for such further proceedings as may be proper, not inconsistent with this opinion.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and CHATTIN, JUSTICES, concur.