Sinclair LEE, Petitioner,

v.

**PROBATE COURT OF DAVIDSON COUNTY, TENNESSEE,** Respondent.

No. Civ. A. 3:85–0953.

United States District Court, M.D. Tennessee, Nashville Division.

Aug. 20, 1985.
Supplemental Opinion, Order and Certificate Nov. 1, 1985.

E.E. Edwards, III, Edwards, Turner and Thompson, Nashville, Tenn., for petitioner.

Kymberly Lynn Anne Hattaway and Jerry Smith, Asst. Attys. Gen., Nashville, Tenn., for respondent.

## MEMORANDUM OPINION, ORDER AND DIRECTIONS

NEESE, Senior District Judge.

The petitioner Mr. Sinclair Lee applied to this Court for the federal writ of habeas corpus. He claims he is to be required to stand trial in the Probate Court of Davidson County, Tennessee, sitting as a Criminal Court of Tennessee, in violation of his federal right against double jeopardy. 28 U.S.C. § 2241(c)(3), 2254(a).

Mr. Lee alleges that he was arrested on a criminal charge of the state of Tennessee of possessing marijuana and a criminal charge of the Metropolitan Government of Nashville and Davidson County, Tennessee (Metro) of possessing an instrument adapted for the use of a controlled substance which contained (the same) marijuana. He claims he was tried on the latter charge simultaneously with being given a preliminary hearing on the former charge.

It is claimed by Mr. Lee that witnesses were sworn and testimony received on the latter charge thereat, and that he was held to the action of a grand jury on both such charges. He contends further that no judgment of either acquittal or conviction was entered on the warrant of Metro after his trial as aforesaid; that he was indicted by a grand jury on each of the aforesaid charges; that he made a motion for a dismissal of the said charge of the state of Tennessee, on the ground that such would subject him "for the same offence to be put twice in jeopardy of life or limb," Constitution, Fifth Amendment, Double Jeopardy Clause; and in such proceeding, to which he and the state of Tennessee were parties, it was determined factually that he had been tried and acquitted[1] on the aforesaid charge by Metro, 28 U.S.C. § 2254(d).

The applicant asserts also that he presented the question he presents here, not only to a hearing Court of the state of Tennessee, but that it was passed on in addition by the Court of Criminal Appeals of Tennessee on March 12, 1985, and that the Supreme Court of Tennessee declined its permission for a further appeal on July 12, 1985. He claims, therefore, the exhaustion of his available state-remedies. 28 U.S.C. § 2254(b).

Even if the appellate courts of Tennessee may have believed correctly that such acquittal, if it occurred in fact, was based upon an egregiously erroneous foundation, any verdict of acquittal was final and could not be reviewed without putting Mr. Lee twice in jeopardy in violation of the Constitution. " * * * Perhaps the most fundamental rule in the history of double jeopardy jurisprudence has been that '[a] verdict of acquittal ... could not be reviewed, on error or otherwise, without putting [a defendant] twice in jeopardy, and thereby violating the Constitution.' *United States v. Ball*, 163 U.S. 662, 671, 16 S.Ct. 1192, 1195, 41 L.Ed. 300 (1896). * * * ". *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 97 S.Ct. 1349, 1354 [8], 51 L.Ed.2d 642 (1977), cited in *Justices of Boston Municipal Court v. Lydon, supra,* 466 U.S. at 307, 104 S.Ct. at 1813 [4] (Double jeopardy protects against a second prosecution for same offense after acquittal).

■ The applicant claims specifically that successive prosecutions of him for the same violation in a municipal court and also in a state court will violate the Constitution, Fifth Amendment, Double Jeopardy Clause, *supra,* because they will constitute multiple prosecutions for the identical conduct by the same Sovereign:[2] " * * * 'Political subdivisions of States—counties,

---

**1.** " * * * The primary goal of barring reprosecution after acquittal is to prevent the State from successive prosecutions and thereby wearing down the defendant. * * * " *Justices of Boston Municipal Court v. Lydon,* 466 U.S. 294, 307, 104 S.Ct. 1805, 1812, 80 L.Ed.2d 311 (1984).

**2.** Tennessee appears to recognize such rule: in *State v. Williams,* 623 S.W.2d 121, 125[12], (Tenn.Crim.App.1981), *permis.app.den.* by S.Ct. of Tenn. (1981), a prosecution for possession

with intent to sell of a scheduled drug and also for selling the same drug was found prohibited by the Constitution, Fifth Amendment, Double Jeopardy Clause, *supra,* the intermediate criminal appellate Court of Tennessee stating *inter alia:* "[W]e find it impossible to conceive of a situation where a defendant could sell narcotics without being in possession, at least constructively, of those narcotics." Thus, both charges implicated the same *violation.*

cities, or whatever—never were and never have been considered as sovereign entities. Rather they have been traditionally regarded as subordinate governmental instrumentalities created by the State to assist in the carrying out of state governmental functions.' * * * " *Waller v. Florida,* 397 U.S. 387, 392, 90 S.Ct. 1184, 1187 [2], 25 L.Ed.2d 435 (1970), *reh.den.,* 398 U.S. 914, 90 S.Ct. 1684, 26 L.Ed.2d 79 (1970). This rule presupposes, however, that two or more violations of law did not occur in a single transaction under separate chargings; a single transaction can give rise to distinct offenses under separate statutes without violating the Double Jeopardy Clause. *Albernaz v. United States,* 450 U.S. 333, 344, n. 3, 101 S.Ct. 1137, 1145[11], 67 L.Ed.2d 275 (1981).

■ From all which consideration, this Court is unable to ascertain from the face of the applicant's petition whether he is entitled to relief in this Court. Rule 4, Rules—§ 2254 Cases. It not appearing plainly therefrom that Mr. Lee is not entitled to relief in this Court, the respondent hereby is

ORDERED to file an answer or other pleading herein within 7 days herefrom, *id.;* it shall state whether the petitioner has exhausted his state-remedies under the procedural rules of Tennessee and indicate what transcript(s) of pretrial and trial proceedings (on each of the aforementioned charges) are available, when they can be furnished,[3] and what, if any, proceedings have been recorded but not transcribed, *id.*

The respondent shall attach to the answer such portions of the record(s) in the state Court(s) as he shall deem relevant to further preliminary consideration herein. Rule 5, Rules—§ 2254 Cases. These portions shall include a record of each outstanding charge against the applicant in the courts of Tennessee.

The clerk is directed to serve forthwith by certified mail copies of the petition here-

in and of this order on the respondent and the attorney general and reporter of Tennessee. Rule 4, *supra.*

## SUPPLEMENTAL MEMORANDUM OPINION, ORDER AND CERTIFICATE

The petitioner Mr. Sinclair Lee contends the Double Jeopardy Clause of the Fifth Amendment to the federal Constitution precludes the State of Tennessee from trying him in the Probate Court of Davidson County, Tennessee on a pending charge of possession of marijuana because he was previously acquitted on the "same offense" in the General Sessions Court of such county. This Court disagrees.

As a result of the fruits of a judicially-authorized search of the petitioner's residence, officers of the Metropolitan Nashville Police Department charged Mr. Lee with possession of a controlled substance (marijuana), T.C.A. § 52–1432 (now codified as T.C.A. § 39–6–417(b)) ("the state-charge"), and possession of instruments or implements adapted for the use of a controlled substance, Nashville Code § 29–1–18 ("the Metro-charge"). Proceedings relating to both such charges were conducted in the General Sessions Court of Davidson County, Tennessee on July 26, 1982 at which time witnesses were sworn and testimony was heard. At the conclusion of such proceedings, the General Sessions Judge "bound-over" both such charges to the grand jury which subsequently indicted Mr. Lee thereon.

Mr. Lee moved in such Probate Court for a dismissal of these charges, and a hearing was held on such motion. The Judge thereof agreed with Mr. Lee that the violation of a municipal ordinance was not an offense subject to indictment by a grand jury, and count 2 of the indictment was accordingly dismissed. As to the petitioner's claim of double-jeopardy, the trial judge ruled that Mr. Lee had been tried and effectively ac-

---

**3.** Adversary counsel should consult and agree between themselves which party hereto shall furnish any "written finding, written opinion, or other reliable and adequate written indicia" of the state hearing Court which the petitioner claims as a finding on the factual issue of whether he was acquitted of the Metro charge in a proceeding to which he and the state of Tennessee were parties. See 28 U.S.C. § 2254(d), *supra.*

quitted on the Metro-charge in the General Sessions Court-proceeding, but that such offense was separate and distinct from the state-offense charged in count 1; thus, that there was no double-jeopardy problem, and the state-charge was allowed to stand.

Mr. Lee took his double-jeopardy claim to the Court of Criminal Appeals of Tennessee. That Court rejected the determination of such Probate Judge that Mr. Lee had been tried (or otherwise placed in jeopardy) on the Metro-charge. Instead, the appellate court reasoned, the General Sessions Judge did nothing more than hold a preliminary hearing on the state-charge and, concluding that the two warrants charged only a single offense of possessing marijuana, bound the "merged" warrants to the action of the grand jury. The Supreme Court of Tennessee denied permission to appeal farther.

Beyond any doubt, the Double Jeopardy Clause protects Mr. Lee " * * * against a second prosecution for the same offense after acquittal." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). Central to the claim of the petitioner is his contention that he was placed in jeopardy by being tried on the Metro-charge in the General Sessions Court. In ruling that Mr. Lee had been so tried, the Probate Judge stated:

> * * * A trial on the "metro warrant" was consolidated with a preliminary hearing on the "state warrant". Witnesses were sworn, and proof was taken. No conviction was entered on the alleged violation of the Metropolitan ordinance. The Court, therefore, concludes that the defendant was acquitted on that charge.

> * * * The Court finds as fact that the defendant was placed in jeopardy and tried for the violation of Section 29–1–18 of the Metropolitan Nashville-Davidson County Code (the offense described in count two of the indictment.)

> \*        \*        \*        \*        \*        \*

Ordinarily, the finding of a state trial-court, that a trial on the merits of the Metro-charge was held in the General Sessions Court, would be accepted by this Court. 28 U.S.C. § 2254(d); *Sumner v.*

*Mata*, 449 U.S. 539, 547, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981). Here, however, such factual determination "is not fairly supported by the record" of the state-court proceedings. 28 U.S.C. § 2254(d)(8).

The state-record is simply insufficient to support a finding that Mr. Lee was tried on the Metro-charge. Although the proceeding in the General Sessions Court was recorded, neither a tape-recording nor a transcript is available.

At the hearing in the Probate Court, Mr. Lee testified that he *assumed* he had been "on trial" on the Metro-charge; but the official record-entries of the General Sessions Judge reflect only that a preliminary-hearing was conducted. (Each of the two warrants bears the stamped entry "BOUND OVER AFTER PRELIMINARY HEARING" above the signature of the Judge). The "binding-over" of the Metro-charge belies the notion that the proceeding had been a trial.

■ The record-entries of the General Sessions Judge are entitled to a presumption of regularity, and Mr. Lee's mere assumption that a trial—as opposed to a preliminary-hearing—had occurred is insufficient to impeach such entries. *Chick v. Wingo*, 387 F.2d 330, 330–331 (6th Cir. 1967). Court-records, when signed by the presiding judge, " * * * become the highest evidence of what has been done in the Court. So far as they are records of judicial proceedings, they import absolute verity, and are conclusive unless attacked for fraud." *Howard v. State*, 217 Tenn. 556, 399 S.W.2d 738, 740[2] (1966). Mr. Lee makes no claim of fraud.

■ The preliminary-examination of Mr. Lee was not a trial and did not place him in jeopardy within the meaning of the federal Double Jeopardy Clause. *Collins v. Loisel*, 262 U.S. 426, 429, 43 S.Ct. 618, 619[1], 67 L.Ed.2d 1062 (1923). Accordingly, the petitioner hereby is

DENIED all relief, Rule 8(a), Rules—§ 2254 Cases, and judgment will so enter, Rule 58(1), F.R.Civ.P.

Should the petitioner give timely notice of appeal, such notice will be treated also·

as an application for a certificate of probable cause, which certificate shall ISSUE because the Court cannot say the matter is unworthy of further consideration. 28 U.S.C. § 2253; Rule 22(b), F.R.App.P.