IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 2000 SESSION

FILED

February 24, 2000

Cecil Crowson, Jr.

Appellate Court Clerk

PAUL A. MAYES,          *          C.C.A. # E1999-01374-CCA-R3-CD

          Appellant,          *          MORGAN COUNTY

VS.          *          Hon. E. Eugene Eblen, Judge

STATE OF TENNESSEE,          *          (Habeas Corpus)

          Appellee.          *

For Appellant:

Joe H. Walker
District Public Defender

Susan Corea Fuller
Assistant Public Defender
P.O. Box 334
Harriman, TN  37748

For Appellee:

Paul G. Summers
Attorney General and Reporter

Ellen H. Pollack
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243

Scott McCluen
District Attorney General
P.O. Box 703
Kingston, TN  37763

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

The petitioner, Paul A. Mayes, appeals the trial court's dismissal of his petition for writ of habeas corpus. In this appeal of right, the single issue presented for review is whether the petition was properly dismissed.

We affirm the judgment of the trial court.

In 1987, the petitioner entered pleas of guilt to first degree burglary and grand larceny. Afterward, he was found to be a habitual criminal based upon several prior offenses:

(1)     Second degree burglary, July 14, 1977 (victim, Jack Smith);
(2)     Second degree burglary, September 7, 1977 (victim, Orvil Watson);
(3)     Second degree burglary, September 7, 1977 (victim, Jay Lewis);
(4)     Second degree burglary, November 10, 1978 (victim, Joyce Bishop);
(5)     Second degree burglary, November 10, 1978 (victim, Glenda Inman); and
(6)     Escape, December 12, 1981.

All the offenses occurred in Knox County. Because the defendant was found to be a habitual criminal, the trial court enhanced the sentence to a term of life in prison. The petitioner filed a direct appeal, challenging the finding of habitual criminality, and this court affirmed. State v. Paul Allen Mayes, No. 1183 (Tenn. Crim. App., at Knoxville, Oct. 20, 1988). The supreme court denied application for permission to appeal (concurring in results only) on January 30, 1989. In 1988, the petitioner was convicted of first degree burglary, aggravated assault, second degree burglary, and grand larceny. On May 7, 1999, the petitioner, who was incarcerated in Morgan County, filed a petition for habeas corpus relief alleging that because the trial court failed to sign certain judgments, a portion of his prior convictions were facially invalid. In particular, the petitioner challenged the 1987 and 1988 convictions in Knox County in Case Numbers 27211, 26030, and 26031.

The state produced minute entries for December 16, 1987, which established that in Case No. 27211, the petitioner pled guilty to first degree burglary (count one of the indictment) and grand larceny (count two of the indictment) and

2

was found guilty of habitual criminality (counts seven and eight of the indictment). Certified minutes, attested to and certified by a deputy clerk, include the following language:

(s) John J. Duncan, Jr.
John J. Duncan, Jr., Judge
Division I
Criminal Court

The state also filed copies of four judgments dated September 14, 1988, in Case Nos. 26030 and 26031, which bore the photocopied signature of Randall E. Nichols, Judge. The offenses were grand larceny, second degree burglary, first degree burglary, and aggravated assault. Copies of minute entries documenting those judgments are included in the record.

Upon review of the documents, the petitioner withdrew his objections to the facial validity of the two convictions in No. 26030 and the two convictions in No. 26031. The petitioner insisted that the state's failure to provide photo copies of judgments bearing the signature of the judge in each of the counts in No. 27211 entitled him to habeas corpus relief. In support of his argument, the petitioner cites Tenn. Code Ann. § 16-1-106:

> Minutes.--(a) The minutes of the court for each day's work shall be signed by the judge. The minute book shall provide a place for the judge's signature after the minute entries each day; however, where the orders of the court are photocopied so that an accurate facsimile of the entire order and judge's signature appears, it shall be sufficient for the judge to sign at the end of the minute book approving all of the minutes in the book.

The trial court denied relief on the basis that the petition did not establish that the convicting court was without jurisdiction and did not establish that the sentence had been served.

In this state, a writ of habeas corpus may be granted only when a petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 432 S.W.2d 656 (Tenn. 1968); State ex rel. Wade v. Norvell, 443 S.W.2d 839 (Tenn. Crim. App. 1969). A "person imprisoned or restrained of his

3

liberty, under any pretense whatsoever, . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment . . . ." Tenn. Code Ann. § 29-21-101. The writ of habeas corpus, however, is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Trial courts may summarily dismiss the petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passerella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

Here, the petitioner does not allege that the trial court was without jurisdiction and does not contend that his sentences have expired. He merely indicates that the judgments in Case No. 27211 are void for the failure of the state to provide documentation including the judge's signature.

Initially, our review suggests that the petitioner does not attack any of the judgments of conviction utilized to establish him as a habitual criminal and nothing in the record indicates that his life sentence has expired. Moreover, there were separate convictions and sentences for grand larceny and first degree burglary. The petitioner, in our view, has not established a basis to set aside any of the counts of conviction in 27211. It has long been held that the statutory requirement that trial judges sign the minutes is directory only, not mandatory. Jackson v. Jackson, 3 Shannon Cases 18 (1878); State ex rel. Pierce v. Hardin, 163 Tenn. 471, 43 S.W.2d 924 (1931). That proposition was upheld in a case cited by the petitioner, Howard v. State, 217 Tenn. 556, 399 S.W.2d 738 (1966). Thus, the failure of a trial judge to sign as directed by the statute does not render the judgment a nullity. Crum v. Fillers, 6 Tenn. App. 547 (1926); Duboise v. State, 200 Tenn. 93, 290 S.W.2d 646 (1956). Because the statute at issue is directory rather than mandatory, the petitioner would not be entitled to any relief in Case No. 27211 due

4

to facial invalidity.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Presiding Judge

CONCUR:

_____
Joseph M. Tipton, Judge

_____
James Curwood Witt, Jr., Judge