IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 17, 2000

## KENNETH LEE WESTON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Morgan County**
**No. 8601    E. Eugene Eblen, Judge**

---

**No. E1999-02095-CCA-R3-CO**
**November 27, 2000**

---

The Defendant, Kenneth Lee Weston, appeals as of right from the summary dismissal of his petition for writ of habeas corpus. He asserts that his convictions are void because the trial judge did not sign the court minutes reflecting the judgment. We hold that the failure of the trial judge to sign the court minutes does not render a judgment of conviction void. Accordingly, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, J., and WILLIAM B. ACREE, JR., SP.J., joined.

Joe H. Walker, Harriman, Tennessee, for the appellant, Kenneth Weston.

Paul G. Summers, Attorney General and Reporter; R. Stephen Jobe, Assistant Attorney General; and J. Scott McCluen, District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant was convicted of robbery with a deadly weapon and being a habitual criminal, and he was sentenced to life imprisonment. We upheld his convictions on direct appeal, and the supreme court denied review. See State v. Kenneth Lee Weston, No. 1235, 1989 WL 139693 (Tenn. Crim. App., Knoxville, Nov. 20, 1989), perm. app. denied (Tenn. Mar. 5, 1990). On July 6, 1999, the Defendant filed a petition for writ of habeas corpus, in which he asserted that his convictions were void because the trial judge failed to sign the "conviction hearing papers." The trial court summarily dismissed his petition on October 25, 1999, stating,

> Specifically, the Court notes that Petitioner does not maintain that his sentence has expired but rather seeks to attack the validity of the conviction against him, alleging that the original Judgment against him was not signed by the Trial Judge. It is the burden of the Petitioner to establish a void Judgment by a preponderance of the

evidence and Petitioner has failed to do so herein. He has submitted only a copy of the "Abstract of the Judgment" against him, that being a document signed only by the Clerk for the purpose of entering the Judgment. He has failed to establish his claim that the Judgment against him is void by providing a copy of said Judgment or otherwise.

On appeal, the Defendant concedes that the judgment was in fact signed by the trial judge, but he argues that his convictions are void because the trial judge did not sign the court minutes.[1]

Habeas corpus relief is available only when a judgment is void or a sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). If the allegations in the petition for habeas corpus relief fail to sate a cognizable claim, the trial court may summarily dismiss the petition. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). The burden is on the defendant to establish by a preponderance of the evidence that the judgment is void or that his or her term of imprisonment has expired. Id.

The Defendant urges us to conclude that if the trial judge failed to sign the minutes of the court, the judgment against him is void. He directs our attention to Tennessee Code Annotated section 16-1-106(a), which provides as follows:

> The minutes of the court for each day's work shall be signed by the judge. The minute book shall provide a place for the judge's signature after the minute entries each day; however, where the orders of the court are photocopied so that an accurate facsimile of the entire order and the judge's signature appears, it shall be sufficient for the judge to sign at the end of the minute book approving all the minutes in the book.

He also relies upon Howard v. State, 399 S.W.2d 738 (Tenn. 1966), in which our supreme court observed,

> With all due respect to what has heretofore been said by this Court on the subject now before us, we are constrained to the view that so important a judicial function as authenticating the minutes of a Court of Record is not permissibly to be either lightly treated or ignored. Any other rule appears to be fraught with so much of potential mistake, mischief, and even evil doing, as to demonstrate such to be impermissible.

---

[1]The court minutes were not presented to the trial court, and they are not included in the record on appeal. The only evidence of court minutes presented to this Court is an affidavit by defense counsel asserting that he looked at the minutes and that they are not signed. Because this evidence was not presented to the trial court, we make no findings and reach no conclusions about whether the court minutes were actually signed. Our decision is based solely on our conclusion that the Defendant failed to state a claim for habeas corpus relief.

Id. at 740-41. The Defendant argues that Howard mandates the signing of the court minutes by the trial judge and that the failure to do so renders a judgment void.

We have recently had the opportunity to consider the Defendant's precise issue, and we held that the lack of the trial judge's signature on the court minutes does not render a judgment void. See Jerry L. Johns v. State, No. E1999-00260-CCA-R3-CD, 2000 WL 262901, at *2 (Tenn. Crim. App., Knoxville, Mar. 9, 2000), perm. app. denied (Tenn. Sept. 11, 2000); Paul A. Mayes v. State, No. E1999-01374-CCA-R3-CD, 2000 WL 215675, at *2 (Tenn. Crim. App., Knoxville, Feb. 24, 2000), perm. app. denied (Tenn. Sept. 11, 2000); Willie James Robinson, NO. E1999-00-45-CCA-R3-PC, 2000 WL 1228023, at *2 (Tenn. Crim. App., Knoxville, Aug. 30, 2000); see also Jack P. Carr v. David Mills, Warden, No. E2000-00156-CCA-R3-PC, 2000 WL 1520267, at *2 (Tenn. Crim. App., Knoxville, Oct. 13, 2000) (holding that the failure of the trial judge to sign the mittimus or the original judgment would not render the judgment void). In so doing, we commented that our supreme court has previously "concluded that the statutory provision for the trial judge signing the minutes is directory rather than mandatory and that the failure to sign the minutes does not invalidate a judgment." Jerry L. Johns, 2000 WL 262901, at *2 (citing DuBoise v. State, 290 S.W.2d 646, 647 (Tenn. 1956)). While acknowledging the supreme court's statements in Howard, which are relied upon by the Defendant, we noted, "Howard does not stand for the proposition that a failure to sign the minutes renders a judgment void." Id.; see also Howard, 399 S.W.2d at 740 ("It is true that this [statute] has repeatedly been construed as being directory, rather than mandatory."). We thus held that the trial court properly denied habeas corpus relief. Jerry L. Johns, 2000 WL 262901, at *2.

Applying this precedent, we conclude that any failure on the part of the trial judge to sign the court minutes would not render the judgment void. Accordingly, the Defendant failed to establish grounds for habeas corpus relief, and the trial court properly dismissed his petition. The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE