IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
April 9, 2002 Session

## STATE OF TENNESSEE v. DANIEL HENLEY

**Appeal from the Criminal Court for Shelby County**
**No. P 24602     John P. Colton, Jr., Judge**

---

**No. W2001-02962-CCA-R3-CD  - Filed August 27, 2002**

---

The State of Tennessee appeals from the Shelby County Criminal Court's dismissal of its petition to declare Daniel Henley a motor vehicle habitual offender. Because the lower court erred in its determination that the state failed to prove the existence of three prior, qualifying convictions, we reverse and remand.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Reversed and Remanded.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and DAVID G. HAYES, JJ., joined.

Paul G. Summers, Attorney General & Reporter; John H. Bledsoe, Assistant Attorney General; William L. Gibbons, District Attorney General; and P. T. Hoover, Assistant District Attorney General, for the Appellant, State of Tennessee.

Irwin I. Cantor, Memphis, Tennessee, for the Appellee, Daniel Henley.

### OPINION

Seeking to have Daniel Henley declared a motor vehicle habitual offender (MVHO), the state filed a petition alleging that, within a qualifying time period, Henley had accumulated two convictions of driving under the influence and one conviction of leaving the scene of an accident involving property damage. At the hearing on the petition, Henley argued that the leaving the scene of the accident offense listed on his driver record from the Department of Safety was not a qualifying conviction for purposes of the MVHO statute because he had merely paid a fine, in a Germantown city court and had not appeared in court. A Germantown court clerk testified that although there was a printed statement on the back of the citation for this offense whereby the accused may acknowledge his right to trial and his guilt of the offense charged, individuals who come to the clerk's office to pay fines are not asked to sign this statement. In fact, the document on which this statement appears is thrown away upon payment of the fine. On this evidence, the court dismissed the state's petition, finding that Henley's payment of a fine "when not in open court or with an admission of guilt does

not constitute a conviction for purposes of the Motor Vehicle Habitual Offender Act because of the holding in *Williams v. Brown* . . . ." The state appealed, and the issue before us is whether this violation qualifies as a predicate offense for an MVHO determination.

We begin our examination of the question by reviewing *Williams v. Brown*, 860 S.W.2d 854 (Tenn. 1993), the case the lower court relied upon. That case was a civil wrongful death lawsuit. The civil defendant had previously paid a fine for improper passing, without contesting the violation in court. *Id.* at 855. The plaintiff sought to introduce evidence of the defendant's out-of-court payment of the fine as a guilty plea, or admission, which spoke to the issue of the defendant's negligence. *Id.* Prior to trial, the court granted the defendant's motion *in limine* to exclude proof of the payment. *Id.* On appeal, the supreme court said that "payment of a traffic fine in lieu of an appearance in court is neither a guilty plea nor an express acknowledgement [sic] of guilt." *Id*. at 856. Thus, the court reasoned, evidence of payment of a fine without contest is inadmissible in a later action based upon the events which led to the citation that resulted in the payment of the fine. *Id.* The question whether the *Williams* defendant had a "conviction" on his record was never addressed. *See generally id.*

The *Williams* decision was concerned with unfairly attributing guilt of the traffic offense to a defendant who may have chosen as a matter of expedience and convenience not to appear in court and contest the citation.[1] *Id*. In the case before us, the state claims that, in contrast to *Williams*, it is irrelevant in a MVHO proceeding whether the respondent pleaded guilty and thereby admitted the conduct that is the subject of the citation. Rather, the only question is whether the respondent has a "final conviction" on his record.

We agree. An important distinction exists between *Williams* and this case in the *use* of the prior-offense information. In *Williams*, the plaintiff sought to use the defendant's payment of the earlier traffic-offense fine as an *admission* that the defendant breached the traffic laws in causing the accident that was the subject of the civil suit for damages. *See* Tenn. R. Evid. 803(1.2) (establishing admissions by party-opponent exception to hearsay rule). As a predicate to an MVHO determination, however, the prior-offense information is only significant when it reflects that a final conviction of a specified motor vehicle offense was imposed against the person accused of being an MVHO. Thus, in the present case, we are not concerned with whether Henley pleaded guilty to the charge of leaving the scene of an accident; rather, we simply look to see if the record before us establishes that a final conviction resulted from that charge.

Thus, we turn to the question whether the defendant has a "final conviction." The meaning of the term "final conviction" in the context of paid citations versus in-court guilty pleas or adjudications of guilt is not directly addressed in the MVHO Act. The Act provides,

---

[1]The *Williams* court also recognized the deleterious effect that a rule attributing an admission of guilt to those who paid traffic citations would have on the judicial system. "[T]he courts would be flooded with challenges to such citations" and "[t]he proverbial 'floodgates of litigation' would be opened, destroying the expedited, streamlined system now in place." *Williams*, 860 S.W.2d at 856 (quoting *LePage v. Bumila*, 552 N.E.2d 80, 83 (Mass. 1990)).

"'Conviction' means a final conviction. A forfeiture of bail or other security deposited to secure a defendant's appearance in court, which forfeiture has not been vacated, is a conviction . . . ." Tenn. Code Ann. § 55-10-603 (Supp. 2001). In the past, this court has said that a conviction is a "final conviction" for purposes of MVHO proceedings even when an appeal of the conviction has not yet been adjudicated. *State v. Sneed*, 8 S.W.3d 299 (Tenn. Crim. App. 1999); *cf. State v. Loden*, 920 S.W.2d 261 (Tenn. Crim. App. 1995) (like rule in driving on revoked license case). The rationale is that a public policy of safety dictates that the general motoring public be protected from those individuals who have repeatedly demonstrated disregard for the rules of the road. *Sneed*, 8 S.W.3d at 302; *see* Tenn. Code Ann. § 55-10-602 (1998). Furthermore, the conviction, though still subject to modification pending outcome of the appeal, shoulders the defendant with a presumption of guilt. *Sneed*, 8 S.W.3d at 302; *Loden*, 920 S.W.2d at 264.

In the defendant's brief, he asserts that he was not convicted on the leaving the scene of an accident case because the records indicate "no disposition." We take this averment to mean that, even if with *Williams* not applying, he should prevail because the record before us lacks proof of a conviction.

We disagree. We are constrained to hold that this issue is waived for failure to cite to relevant authority. *See* R. Tenn. Ct. Crim. App. 10(b).

At any rate, were we ruling on the merits of the claim, we would find that the prior conviction was established in the record. We must bear in mind that courts that are not courts of record, such as general sessions courts and apparently the Germantown municipal court in which the defendant was cited to appear on his leaving the scene of an accident charge, do not reflect their adjudications through court minutes. *See Howard v. State*, 217 Tenn. 556, —, 399 S.W.2d 738, 740 (Tenn. 1996) (courts of record are courts that are empowered to keep minutes, which are the "highest evidence of what has been done in court"); *see also* Tenn. Code Ann. § 16-17-101 to -105 (1994); § 16-18-101 to -207 (1994) (conferring powers to establish municipal courts but containing no requirements or authorizations to keep minutes); *see also* Tenn. R. Crim. P. 5(b) (small offenses triable by a "magistrate without regard to the plea"). In lieu of court minutes which would serve as the "highest evidence" of what transpired in the Germantown municipal court, the record contains other evidence of that court's adjudication of conviction, which is all we can expect.

The Germantown municipal court clerk testified in the proceeding below. She introduced a citation that had been issued to the defendant for leaving the scene of an accident on October 2, 1998. The case was docketed. She testified that the defendant came in voluntarily, outside of court, and paid the "ticket" on November 5, 1998. The payment included the fine and court costs. When a small offender appears in person in that clerk's office to pay the fine and costs on a citation, the clerk does not require the person to sign a waiver or plea form.

We note that a court clerk has a duty to faithfully handle and apply public funds that have been paid to the clerk. *See, e.g.,* Tenn. Code Ann. §§ 18-2-101 to -105 (1994). Indeed, a clerk's obligation to account for and properly remit funds is sanctioned by misdemeanor punishment.

*See id.* §§ 18-2-102, -104, -105 (1994). Tennessee courts assume, absent evidence to the contrary, that public officials perform their duties in the manner prescribed by law. *See, e.g., Jackson v. Aldridge*, 6 S.W.3d 501, 503 (Tenn. Ct. App. 1999). Thus, we assume that the Germantown clerk faithfully received and applied the funds paid by the defendant on November 5, 1998 in keeping with Tennessee Code Annotated section 55-10-207(d), which authorizes a person who has been cited with a traffic offense to "elect not to contest the charge and . . . , in lieu of appearance in court, [to] submit the fine and costs to the clerk of the court." *Id.* § 55-10-207(d) (1998). As such, the fine and costs paid pursuant to this procedure yields a "conviction" pursuant to Code section 55-10-603.

In summary, we hold that, in the context of MVHO proceedings, a predicate conviction premised upon out-of-court payment of a fine for a traffic offense is indistinguishable from one premised upon an adjudication of guilt by plea or trial. Pursuant to Code section 55-10-603, the defendant in the present case "paid the ticket" in lieu of appearing in court to contest the citation, thereby garnering a conviction. This holding is likewise consistent with the sound public policy of promoting safety by removing those from the roads who menace the security and well-being of the motoring public. *See* Tenn. Code Ann. § 55-10-602 (1998).

We are, therefore, led to the inescapable conclusion in the case at bar that the state presented sufficient evidence of the requisite predicate offenses to have the defendant declared an MVHO. The lower court erred in determining otherwise. Accordingly, we reverse the lower court's dismissal of the state's petition and remand for appropriate further proceedings.

_____
JAMES CURWOOD WITT, JR., JUDGE