IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 2000 SESSION

**FILED**

March 9, 2000

Cecil Crowson, Jr.
Appellate Court Clerk



| | | |
|---|---|---|
| JERRY L. JOHNS, | ) | |
| Appellant, | ) | No. E1999-00260-CCA-R3-CD |
| | ) | |
| v. | ) | Morgan County |
| | ) | Honorable E. Eugene Eblen, Judge |
| STATE OF TENNESSEE, | ) | (Habeas corpus) |
| Appellee. | ) | |

For the Appellant:

Joe H. Walker
District Public Defender
        and
Bernard R. Sargent
Assistant Public Defender
Post Office Box 334
Harriman, TN 37748-0334

For the Appellee:

Michael E. Moore
Solicitor General
        and
R. Stephen Jobe
Assistant Attorney General of Tennessee
        and
Michael J. Fahey, II
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The petitioner, Jerry L. Johns, appeals as of right from the Morgan County Criminal Court's denial of habeas corpus relief. The petitioner is presently serving an effective seventy-three-year sentence for his 1987 convictions for felonious assault with intent to commit first degree murder resulting in bodily injury, aggravated kidnapping, and armed robbery. This court affirmed the petitioner's judgments of conviction on appeal. State v. Jerry Leon Johns, No.1145, Knox County (Tenn. Crim. App. July 22, 1988). The petitioner contends that he is entitled to habeas corpus relief because the convicting court lacked jurisdiction to impose any sentence for a Class X felony and because the court minutes are unsigned. We affirm the trial court's denial of habeas corpus relief.

A petition for the writ of habeas corpus may be brought if the judgment is void or the sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). If the convicting court lacked jurisdiction or authority to render the judgment, then the judgment is void. Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 164. The petitioner was convicted in the Knox County Criminal Court for offenses occurring in Knox County. "Original jurisdiction of criminal actions is committed to the . . . criminal courts . . . ." Tenn. Code Ann. § 40-1-107. The trial court obviously had jurisdiction over the subject matter of the petitioner's case.

The petitioner contends that the trial court did not have jurisdiction or authority to impose a sentence for a Class X felony because at the time of his conviction, all Class X sentencing provisions had been repealed by the Tennessee Reform Act of 1982 and the Comprehensive Correction Improvement Act of 1985. A "sentence is void and illegal only if it is in direct contravention of a statute which is in existence at the time the sentence was imposed." Taylor v. State, 995 S.W.2d 78, 84-85 (Tenn. 1999). The petitioner was convicted on March 5, 1987, and sentenced on April 10, 1987. At the time of the petitioner's convictions, aggravated kidnapping, robbery by means of a deadly weapon, and assault with intent to commit murder resulting in bodily injury were Class X felonies. Tenn. Code Ann. § 39-1-702 (repealed 1989).

2

The Tennessee Reform Act of 1982 stated that it governed the sentence, release eligibility and manner of service of Class X felonies committed on or after July 1, 1982. Tenn. Code Ann. § 40-35-112 (b)(1)-(2) (repealed 1989). The Comprehensive Correction Improvement Act of 1985 applied the provisions of the Tennessee Reform Act of 1982 regarding the release eligibility date, manner of service and of release, and parole to defendants committing Class X felonies before July 1, 1982. Comprehensive Correction Improvement Act of 1985, ch. 5, §§ 7-8, 1985 Tenn. Pub. Acts 22, 23. It also extended eligibility for sentence reduction credits to Class X felons. Comprehensive Correction Improvement Act of 1985, ch. 5, § 12(c)(2)-(3), 1985 Tenn. Pub. Acts 22, 25. Thus, neither of these acts repealed the Class X classification. They merely required sentencing for Class X felonies to be under the 1982 act. The trial court sentenced the petitioner as a Range II, especially aggravated offender under the 1982 act. See Tenn. Code Ann. § 40-35-107(8) (repealed 1989). The petitioner's sentences are legal and not subject to habeas corpus review.

The petitioner also contends that the judgments are void because the minute book entry setting forth his sentences is not signed by the trial court. The copy of the minute entry attached to the habeas corpus petition concludes as follows:

> (S) GEORGE P. BALITSARIS
> GEORGE P. BALITSARIS, JUDGE
> DIVISION III
> CRIMINAL COURT

Tenn. Code Ann. § 16-1-106(a) provides:

> The minutes of the court for each day's work shall be signed by the judge. The minute book shall provide a place for the judge's signature after the minute entries each day; however, where the orders of the court are photocopied so that an accurate facsimile of the entire order and the judge's signature appears, it shall be sufficient for the judge to sign at the end of the minute book approving all the minutes in the book.

In DuBoise v. State, 200 Tenn. 93, 96, 290 S.W.2d 646, 647 (1956), our supreme court concluded that the statutory provision for the trial judge signing the minutes is directory rather than mandatory and that the failure to sign the minutes does not invalidate a judgment. See also State ex rel. Pierce v. Hardin, 163 Tenn. 471, 477, 43 S.W.2d 924, 925 (1931); Jackson v. Jackson, 3 Shannon's Cases 18, 27 (1878).

3

The petitioner points to the supreme court's observation in Howard v. State, 217 Tenn. 556, 561, 399 S.W.2d 738, 740 (1966), that:

> With all due respect to what has heretofore been said by this Court on the subject now before us, we are constrained to the view that so important a judicial function as authenticating the minutes of a Court of Record is not permissibly to be either lightly treated or ignored. Any other rule appears to be fraught with so much of potential mistake, mischief, and even evil doing, as to demonstrate such to be impermissible.

We note, though, that Howard does not stand for the proposition that a failure to sign the minutes renders a judgment void. Cf. Rogers Lamont McKinley v. State, No. 03C01-9308-CR-00255, Hamilton County, slip op. at 4 (Tenn. Crim. App. Aug. 17, 1994) (holding that the judge's failure to sign the minutes is not a violation of a post-conviction petitioner's constitutional rights).

Based upon the foregoing and the record as a whole, we affirm the trial court's denial of habeas corpus relief.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
James Curwood Witt, Jr., Judge

_____
Norma McGee Ogle, Judge

4