Per Curiam.

Overton, j. and Williams commissioner appointed agreeably to the constitution and laws, for the hearing of this cause.
Campbell. j.
Being one of the defendants, could not set—and White, j. having been of counsel.
The consideration of this question involves points of much consequence in the practice; it will therefore be necessary to take a view of the law of England, upon this subject, as particularly respects the practice in chancery—Agreeably to the practice in the courts of law in England, all suits abated by the death of either party; nor could they be revived by scire facias.
The cases in first Harrison, 76, 179, clearly shew that all persons interested ought to be before the court, before proceeding to hearing or final decree. This could not be the case, if complainants were to proceed to hearing,after the death of a defendant, without the representative being made a party. An infant cannot defend by himself but by guardian---he cannot be considered a party unless a guardian be appointed.
*141 It is the duty of courts of justice, to take care of the interests of infants, who from weakness both of mind, and body, are incapable of taking care of themselves, 1. Har. 478. The practice of the court of Chancery in England, is, upon the death of either plaintiff or defendant to file a bill of revivor against the representatives of the deceased; (1) This appears as requisite upon the death of the plaintiff or defendants. Upon the death of either party, the interest in the subject in di pute is changed. It is no longer in the deceased, but is transmitted to the heir, executor, or administrator, as the case may be. As their interest is about to be affected, and their rights bound by the determination of a suit, natural justice requires that they should be in court, in a legal manner and have an opportunity to be heard.—After a bill of revivor, and upon the issuing and service of a subpœna, it is usual in the English practice to move for an attachment against an infant defendant; which however, is not executed, but the body of the infant is brought into court by an officer; upon which if none of the relations of the infant applies to be appointed guardian, the court appoints some fit person to act as guardian in whose name the infant is to answer the bill. The answer is sworn to by the guardian and not the infant.—In forensic proceedings, in all countries, a day is given to a defendant to plead or answer. We are therefore constrained to think that the guardian after his appointment should have a reasonable time to plead to, or answer the complaint exhibited.
It would be nugatory to make a party without allowing sufficient time to answer. (1)
The first of our statutes upon the subject of abatement is 1783 c. 2. s2, “ and no appeal in any cause or court whatsoever, shall be abated by the death; either the plaintiff or defendant, but may be proceed upon by application of the heirs, executors, administrators, or assigns of either party.”
All other suits are put upon the same footing with appeals by the act of 1786. c. 14. s. 1. which enacts “ that in future it shall and maybe lawful, for the heirs, executors, administrators, or guardians to carry on every suit or action in courts after *142 the death of either plaintiff or defendant, and may be proceeded on by application, in the same manner as appeals are carried on, under an act passed the last session of assembly" &c.
It is further provided " that where a term of the superior court of law or the court of equity, or a session of the court of pleas and quarter sessions shall intervene between the death of any plaintiff or defendant and qualification of the executors, or administrators, of such deceased plaintiff or defendant the intervention of such term or session shall not work any abatement, or discontinuance of such suit” 1789. c. 57. s. 7. It has been uniformly considered by our courts, that these acts authorise only the revival of such suits as did not die with the person, agreeably to the principle of the common law; or such as had arisen ex contractu. and not such as arose ex delicto where the maxim acto personalis moritur aim persona applico.
It seems clear, that all revivals, to comport with the principles of reason and the English practice, should be made by causing appropriate process to issue ? so as to make the representatives of the deceased, parties in a legal manner. To revive a dormant judgment a scire facias is necessary. To revive in chancery the authorities shew that a bill must be filed, and process issued thereon, to which the representatives may make such answer as the nature of the case may require.
Applying these principles to the practice which should obtain under statutes; it may not be improper to consider them in relation to infants resident, and infants non resident, viewing either case before, and after answer filed.
Upon the first point, where a person has died before answer leaving an infant representative, it seems necessary that a subpœna, accompanied by a copy of the bill should issue as is usual in practice, upon return of its execution, no person shall apply to be appointed guardian, the court will appoint one, who shall have until the next term to answer: being the time allowed by act of assembly to defendants in ordinary cases—In this case, after answer filed by *143 the guardian, the cause will progress as usual.
Where the deceased had answered, there will be no necessity for a copy of the bill to issue—The representatives in consideration of law, must notice the answer of the deceased, and be bound by it; he must take up the defence at the point where he finds it, upon the death of the person under whom he claims.
If, then, the cause shall be at issue, or ready for hearing, the representative has nothing more to do, than to manage the trial or hearing. (1) But two points of defence, as it respects, the representative in this case are recollected at this time; first not possessing the character of representative, attributed by the scire facias and secondly possessing no interest in the subject matter in dispute; either of which would be a competent defence upon trial without plea.
The act of 1784. c. 22, with the act of 1801. c. 6. s. 14. regulated the method of proceeding with respect to absconding and non-resident defendants in equity. These acts shew, that where process shall have issued, and no appearance entered upon return of the process, and upon affidavit, that the defendant has absconded, or resides without the limits of the state; an order shall be made for publication in some Gazette, citing the defendant to appear.—After this order shall be complied with, if the defendant does not appear, the bill shall be taken, pro confesso; and decreed accordingly. This regulation is founded in natural justice, the principles of which, in no case should be abandoned. Justice requires that reasonable efforts should be made, to apprise the absentee of the pendency of a suit against him; so that he may have an opportunity, of making such defence as he may think proper.
The principles of this provision of our law, with the practice respecting resident defendants, seem indispensible to the attainment of correctness in the practice—It would therefore be proper upon these principles, to examine the practice as it respects publication against non-resident infant defendants, connected with revivals, both before and after answer; and the appointment of guardians.
*144 If before answer, and upon suggestion of death as usual, a subpœna, with a copy, should issue; upon a return of non est inventus, an order for publication to revive, as well as to appear may be made; at the expiration of which, if no person shall apply to be appointed guardian, the court will appoint one who shall answer the bill at the next term, and be subject to the rules of proceeding, as in common cases.
In case the deceased had answered a sci. fa. without a copy of the bill may issue. * Upon the return of nihil, an order for publication to revive, and appear may be made, which having been complied with and no application to appoint a guardian, the court will appoint one, who shall have till the next term, to make his defence, which shall he taken up at the point where it was left by the deceased.
Having thus taken a view of the practice of the court of chancery, and the alteration induced by the statutes of North Carolina, and of this state, t remains to apply these principles to the case before the court.
It appears that two publications have been made to revive, and appear the last of which took place since the last term. The only point of difficulty in this part of the case, is, whether we can be permitted to consider the first publication as equivalent to a sci. fa. It seems to us that it may, though it is not the regular practice. It amounts to the same in substance, and if any thing, is better calculated to afford notice than the scire facias. The second publication is in the order of practice, and so is the appointment of Col. Outlaw as guardian. But upon the principles before laid down, he cannot be compelled to enter upon his defence, until the next term; when he must do so, without pleading, if the cause has already been set for hearing.

 1. See 2. Har. 338.

 1. Har. 78. 474.

 See. 2 Dall. 302.

 See.4.Hen and Mar. 401