Cooper, J.,
delivered, the opinion, of the court:
On the 19th of September, 1857, J: B. Keeling sold and conveyed by deed, in fee, to William Jackson, a tract of land of 136 acres for $5,000, the purchaser paying in cash at the time one-half .the price,- and .giving his notes at one and two years for the residue in'equal installments. On the 4th of September, 1860, James Whitworth recovered a judgment against Jackson and Keeling for $1,302 and costs,-on the last of these notes. On the 28th of January, 1867, by virtue of an execution issued on this judgment, Whitworth sold the land and became the purchaser. On the 22d of January, 1868, Whitworth received from Jackson and his wife, Nancy A.' Jackson,'.$917, in full of the amount of his bid and interest. ■ The money was paid, it seems, by the proceeds of the sale'of lots in Nashville, her separate property, and by other means raised by her. On the same day, Wm. Jackson conveyed to John G-rizzard, in trust for the sole and separate use of his wife, Nancy A. Jackson, eighty-five acres of the land, Whitworth joining in the conveyance merely by relinquishing all interest in the land. On the same day, also, Wm. Jackson conveyed the residue of the Keeling land to his son, J. S. Jackson, for a recited consideration of $1,750, secured by the notes of the son at one, two, three, and four years. On the 22d of January, 1869, John G-. Stewart and Elizabeth A. Stewart, as administrator and administratrix .of Levi A. Baker, deceased, filed two bills, as judgment creditors of Wm. Jackson, by judgment, for $2,685, recovered on the 7th of March,-1868, one bill against Wm. Jackson and J. S. Jackson, to set aside the conveyance of the 22d of *21 January, 1868, by-the former to the latter, as fraudulent and void; the other bill against Wm. Jackson, Haney A. Jackson, his wife, John Grizzard, and J. S. Jackson, to redeem the entire tract of land upon a valid tender for that purpose, and, in the alternative, to set aside the conveyance to the wife as fraudulent and void as to the creditors of Wm. Jackson. Process was duly executed upon ail of these defendants, and, the oath to their answers being waived.by the bill, a joint and several answer 'was filed by all of the defendants, signed by counsel, the counsel being the son-in-la w of Jackson and wife. This answer admits the complainant’s judgment as set out in the bill, claims that it was by default, and that the debtor, Jackson, should be entitled to credits or deductions by reason of the form in which the debt was created. The answer denied the fraud charged in the conveyance to the wife and son. It, moreover,- claimed that on the 11th of December, 1858, Haney A. Jackson had sold, at the request of her husband, a tract of land then held by hex to her separate use, for $1,800, upon the agreement by the husband that the fund was to be used in the purchase of the Keeling land, and that fifty acres of said land should, in consideration thereof, be settled upon the said Haney A., to her sole and separate use; that the money was so used and that the conveyance of the 22d of January, 1868, to Grizzard, of fifty of the eighty-five acres conveyed, was in fulfillment of this agreement, and the other thirty-five acres in consideration of the money advanced by the wife to pay the Whitworth debt. On the 1st of February, 1870, Wm. Jackson died, and his death having shortly thereafter been suggested. and admitted, the suit was revived against Haney A. Jackson, as administratrix of Wm. Jackson, deceased, and, by scire facias duly issued and executed against his heirs. An answer -was filed for the infant heirs by a guardian ad litem. The two bills of the Stewarts were, by consent, consolidated, proof taken, and such proceedings had that on the *22 19th day of December, 1873, a final decree was rendered. The decree set aside the conveyance to J. S. Jackson as fraudulent and void, and declared the Stewarts entitled to redeem the whole tract of land under the tender made by them; that Nancy E. Jackson was not entitled to- any portion of the land under the alleged agreements with her husband, but was entitled to be reimbursed the money paid 'Whitworth in satisfaction of his debt, and to the value of permanent improvements put- by her on the land, arid that she must account for rents. From this decree the defendants prayed an appeal, which was granted upon bond being given within a specified time. Nancy A. Jackson alone executed the bond within the time required.
Afterwards, in February, 1874, the Stewarts and Nancy A. Jackson'entered into a written agreement of'compromise, by which, 'after■ reciting the-facts very fully, the Stewarts 'agree to pay her the money advanced to- "Whit-worth, with interest, the costs adjudged to her in the- chancery court, and the costs to be adjudged to- her in." the supreme court on' the affirmance. of the decree, and to waive any account for rents, in consideration whereof the said Nancy A. agrees to -have the decree of the chancellor affirmed in the supreme court, and the cause remanded for the execution of the chancellor’s decree.
On the 3d of April; 1874, the bill now before us was filed by Nancy A. Jackson, individually, and as administratrix of Wm. Jackson, deceased, and by the infant children and heirs of Wm. Jackson, by their mother, the said Nancy A., against the Stewarts, and two of the adult children of Wm. Jackson, who refused to join in the bill. The bill sets out substantially the foregoing, facts, with the addition that the complainant, Nancy A., had surrendered possession of the land under the agreement of compromise, but had refused to comply further. It recites the same facts relied on in the answer to the bill of the Stewarts to establish her claim to fifty acres of the land, and asserts that the *23 complainant, Nancy A., can .prove, by a number of witnesses, the agreement- with, the husband, touching that portion of the land. It further states that she, the said Nancy A., has recently discovered that the minutes of the circuit court for the- day on which the Stewarts had recovered their judgment' fpr $2,685, against Vm. Jackson, had never been signed by the presiding judge; that no guardian ad litem had ever been appointed in the stuit of the Stew-arts, nor had she ever signed the answer put in for her in that case. She says her counsel in that cause was young and inexperienced, and neglected her interests, and .that she, was induced by him and the solicitor of the Stewarts to enter into the compromise. .The bill purports to be filed on the following ground and for the following purposes:
1. To set aside the judgment of .the Stewarts against "Win. Jackson, and allow- the administratrix to plead the set-offs that exist against the demand.,
2. To declare the proceedings in the Stewarts’ suit in chancery not binding on the infant complainants, because no guardian ad.litem was appointed for them.
3. To declare the redemption of the Stewarts of'no validity, because they had no judgment. ,
4. T° review, the entire proceedings in the suit of the Stewarts, and to declare complainant Nancy A.’s, rights in the premises, and especially her right to dower in the land sold by fm. Jackson to J. S. Jackson.
5.. That she be permitted to file the bill as an original bill in setting up her rights to -the fifty acres conveyed.
6. That the compromise be set aside upon the ground of a want of consideration, of fraud, and of mistake as to her rights.
The defendants, the Stewarts, demurred to so much of the bill as sought to review the previous suit, and asked for-dower in the land conveyed to J. S. Jackson, which demurrer was overruled by the chancellor. They answered that part of the bill which sought to set aside the compro *24 mise, and also filed a cross bill to specifically enforce tbe execution of tlie compromise. To tbe residue of tbe bill, they filed a plea of former judgment as to tbe infant complainants, and of former suit pending as to tbe complainant, Nancy A. Jackson. Tbe plea having been field sufficient, issue was joined upon its truth. On tbe bearing, tbe bill was dismissed with costs, and relief granted to tbe Stewarts, on tbe cross bill, -by specifically executing the .compromise agreement. Tbe complainants prayed an appeal, which -was granted upon tbe execution of a proper bond, and a bond was given by Nancy A. Jackson, reciting an appeal by her.
Tbe demurrer to tbe bill, as a bill of review, assigned as causes of demurrer': 1st.' That tbe bill is not properly framed for a bill of review for error apparent on tbe face of tbe decree, nor does it disclose any such error. 2. That the bill contains no such matter arisen since tbe decree or new proof which might not have been used when tbe decree was rendered, and is not filed by leave of tbe court. Tbe demurrer to so much of the bill as seeks dower is put on tbe ground that tbe facts stated show that Vm. Jackson did not die seized of tbe land in which dower is sought.
Mere irregularities in the proceedings of a cause cannot be reached by a bill of review for errors apparent. There must be error of law patent on the face of the pleading and decree, specifically pointed out. Livingstone v. Noe, 1 Lea, 55. To authorize a bill of review for new matter, the applicant must not only satisfy tbe court of its materiality, but that he could not, with reasonable diligence, have availed himself of them [it] before the decree complained of was made. Burson v. Dosser, 1 Heis., 761. And a demurrer will lie to such a bill upon tlie ground that it has been filed without special leave. Henderson v. Cook, 4 Drew, 306. The present bill is clearly defective as a bill of review. And it does show on its face that the husband was not seized of the land at his deacb in which dower is sought, by reason *25 of the previous conveyance to. tlie son. The bill states that the husband made the conveyance to .the son for $1,750, and, does not attack that conveyance as in fraud of her dower rights. The chancellor erred, therefore, in overruling the demurrer.
If the plea of the defendants was sufficient on its face, as held by the chancellor, then the only question before us in that part of the record is as to its truth. If the defendants have proved the truth of the matters, pleaded, the suit, so far as the plea extends, is barred. Hughes v. Blake, 6 Wheat., 453; Harris v. Ingledow, 3 P. W., 94. That such proceedings were had as are set out in the plea is proved by the record of the former suit, and the decree remains in full force as to the present infant complainants who failed to perfect their appeal, and the suit is still, pending as to the complainant, Nancy A. Jackson. In this view, all of the evidence taken touching the matters of the bill covered by the plea was irrelevant to the issue, and cannot be noticed. And even if the plea was insufficient, and the chancellor erred in sustaining it, the evidence would still be irrelevant.. The complainants .should have confined themselves to the actual issue, the truth of the plea.. No evidence is admissible not authorized by . the pleadings. And the matters covered by the plea, could only be gone into after a reversal of the chancellor’s decree,, if erroneous.
The plea of. a former suit .pending in the same court, between the sanie parties, about,the same subject-matter, and for the same purpose, and a fortiori, a plea of a former decree in such, suit, is a good plea to a bill. Green v. Neal, 2 Heis., 219; Connell v. Furgason, 5 Cold., 404. The bill of the Stewarts was filed, for the express, purpose of contesting the right of Nancy A. Jackson to the entire tract of land in controversy, and to assert the superior right of the Stewarts as judgment creditors of .W. Jackson, to redeem and subject that land.. The defendants to that bill, Jackson and wife, made, or could have made, all the de7 *26 fenses and claims set np by the present bill. And the estoppel of the proceedings and decree is precisely the same as to every point which properly belonged to the litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time, whether the same were actually brought forward or not. Peeler v. Norris, 4 Yer., 331; Henderson v. Henderson, 3 Hare, 115; Aurora City v. West, 7 Wall., 102; Knight v. Atkisson, 2 Tenn. Ch., 388. The defendants in their answer to the bill of the Stewarts in the former suit admitted the existence of their judgment, as claimed, and set up the same defenses to the demand on which it was based, and the same claims on behalf of Nancy A. Jackson to the land in controversy as in this bill. The pendency of that suit, and the decree therein, constituted a good plea to the present bill, if not. void as to the complainants, unless impeached for fraud, or by bill of review*. This bill, as we have seen, is fatally, defective as a bill of review, and does not attack the, previous proceedings for fraud. The inexperience or neglect of a party’s own counsel, even if shown, and it is not pretended that either point is established in this case, is, it need scarcely be said, no ground for re-trying a matter of litigation. The bill does undertake, to impeach the proceedings in the previous suit as not binding on the complainants, because the complainant, Nancy A., did not sign her answer, and because no guardian .ad litem was appointed for the other complainants. But process was regularly served on all of the complainants, and their appearance by answers is recognized in the final decree, which is sufficient in a collateral attack. Hopper v. Fisher, 2 Head, 153; Greenlaw v. Kernahan, 4 Sneed, 371; Kindell v. Titus, 9 Heis., 738. Moreover, the infant defendants have never appealed from the decree, and the complainant, Nancy A. Jackson, in her deposition in that cause, taken on the 1st of September, 1872, admits that she is a party to the suit, and, in her bill in this cause, concedes that she was repre *27 sented by counsel, and, as sbe was a feme sole at that time, and for three years of the litigation, there is not the least reason for exempting her from the necessary consequences. As the personal representative of ¥m. Jackson, she was bound by his answer, and could only take up the defense at the point at which she found it at his death. Lewis v. Outlaw, 1 Tenn., 140. If he chose to treat the judgment of the Stewarts as valid, his personal representative could not complain, and the bill does not pretend that he did not know the facts. Of course, to entitle the complainants to redeem after their rights had become fixed in his lifetime b-y a legal tender, no revivor of the judgment was necessary, for the judgment was thereby, to the extent of the credit entered thereon, extinguished. Nor, although the record recites a revivor against Nancy A. Jackson, as administra-trix of "Win. Jackson, was any such revivor necessary to perfect the right of redemption. And, if actually rendered, and the bill does not dispute the fact, even if it could be disputed, the judgment was not invalidated by the failure of the judge, through inadvertence or accident, to sign the minutes. The provision of the statute in this regard is directory, as has been held by this court in a criminal case, where the j udge failed to sign the entry of judgment by reason of sickness and death.
The only remaining question is as to the validity of the contract of compromise. The bill avers that there was no appeal from the decree rendered in the original cause because of the failure to give an appeal bond within the time required, but the record shows the execution in time of a bond by Nancy A. Jackson, individually. If she did not appeal, she would haAe had the right to enter into a valid compromise of her rights in relation to the subject-matter of litigation, the concession by the complainants of any of their rights thus acquired being a sufficient consideration. If she alone appealed as an individual, it is still clearer that she might enter into a valid contract for the termina- *28 lion of the litigation. The equity of the complainant to be relieved from the obligations of the compromise, actually made, is rested by the bill upon the ground of ignorance on her part of her rights, and that she was induced to enter into it by the persuasions of her solicitor and the solicitor of the Stewarts. In her answer to the cross bill, she implicates one of the Stewarts in these solicitings. In her deposition, afterward taken in the cause, she expressly exonerates the Stewards and their solicitors from the imputations made in her pleadings. Of course, ignorance of law is no cause for rescission, in the absence of any improper conduct by,the opposite party, and the evidence discloses no material fact touching her rights as an individual, and it was.about these rights alone she was contracting, of w hich she was then ignorant. That she did not sign her answer in the original cause, and that there was no entry of aq order, appointing a guardian ad litem for the infant complainants, were not, as we have seen, material facts. Nor was the, failure of the circuit judge to sign the entry of the judgment, nor the failure to revive that judgment, nor to revive the suit against her as administra-trix, if it were not revived, points which affected her rights, or of which she could take advantage as an. individual. The compromise agreement was freely entered into by her, the,advice of her, solicitor and counsel being expressly given, subject to her own judgment, and .was manifestly dictated by a sir?here belief on his part that it was for her best interest, and the event has shown the soundness of his judgment.
It may be added that the decree of the chancellor in the original cause could not have been otherwise than it was, even if. all the evidence forming a part of this record had been before him. The main object of this bill, as of the answer in that bill, .was to establish a resulting trust in the land in controversy in favor of Nancy A. Jackson, by reason of the sale of her land on. the 11th day of December. *29 1858/ and the investment of the proceeds, under a parol agreement with her husband, in the Keeling tract. But the bill itself states, what the evidence shows, that the sale of the wife’s laud was not made until over' a year after the purchase of the land in controversy, and title actually made to the husband, and after he had paid in cash, one-half of the purchase money. It further appears, from the answer of Jackson and wife to the bill of the Stewarts, that at least $700 of the money received from the intestate of the Stewarts, and which constituted the consideration of' the judgment in their favor, were used in paying for the Keeling land, and that the balance paid to Whitworth was part of the same purchase money. A resulting trust can only arise upon the state of facts existing at the time of the purchase and passing of the title, and not upon an agreement made afterward. Gee v. Gee, 2 Sneed, 396; Wells v. Stratton, 1 Tenn. Oh., 328.'
The decree of the chancellor must be affirmed, with costs.