2L 271
5L 201
11L 8
15L 192

2L 271
d116 10

JOHN BERRIGAN, Am'r, *v.* THOMAS FLEMING *et al.*

1. SCIRE FACIAS. *Defense thereto.* Upon *scire facias* in this court to revive against the heirs of a deceased defendant, the defenses to the *scire facias* are only such as may avail to prevent the revivor, but after the suit is revived the heirs may make any defense on the hearing which the ancestor could have made.

2. MORTGAGE. *Husband and wife.* To pass an estate in lands the grantor must be a party to the efficient and operative parts of the instrument of conveyance, especially if the grantor be a married woman. And therefore a mortgage of land, purporting on its face to be by the husband alone, is not binding upon the wife who merely signs it, although probated in proper form.

3. SAME. *Bill to foreclose. Answer by married woman. Not estopped. When.* Upon bill filed by a mortgagee against a husband and wife to foreclose a mortgage alleged to be executed by them, and made a part of the bill, an answer of the wife, with the husband, admitting the execution of the mortgage, "reference being made to the deed itself" for greater certainty, will not prevent the wife, or her heirs, in the event of her death, from insisting that the mortgage does not pass her estate in the land.

4. CONVEYANCE. *Husband and wife. Survivorship.* Under the deed of a third person, conveying land to a husband and wife in fee, with power in the wife upon joint deed with the husband to sell and convey the same, the estate vests in the husband and wife by entireties, and upon

the death of the wife continues in the husband, and a mortgagee of the husband, pending the marriage, will be entitled to the benefit of the survivorship.

FROM SHELBY.

Appeal from the Second Chancery Court at Memphis. S. P. WALKER, Ch.

GANTT & PATTERSON for complainant

C. W. FRAYSER and T. B. EDGINGTON for defendants.

COOPER, J., delivered the opinion of the court.

Bill filed to foreclose a mortgage on land alleged to have been made on the 30th of June, 1868, to Thomas Mayhew, complainant's intestate, by the defendants, Thomas Fleming and his wife Mary, to secure a note of the husband for $950, a copy of the mortgage deed being made an exhibit to the bill. Fleming and wife file an answer under oath, in which they say they admit the execution of the note described in the bill, and the mortgage given to secure the note, reference being made to the deed itself or mortgage, or record of its registration for greater certainty. No issue was made in the pleadings, or by the evidence, upon the fact that the mortgage was the act of both the husband and wife. The defense set up and sought to be sustained was, that the mortgage debt had been paid. The Chancellor, on the final hearing, ascertained that there was a balance due upon the note of $790, and ordered the land to be

sold in satisfaction thereof. Fleming and wife appealed, and upon argument before the commission court, the decree was affirmed. It was afterward ascertained that previous to the hearing before the commission, the wife of the defendant, Fleming, had died. Thereupon the death was suggested, and *scire facias* issued to bring in her heirs. These heirs now plead to the *scire facias* that the mortgage sought to be foreclosed was not the deed of their ancestor, the wife, because, although signed by her with her husband, with her privy examination in the form of law, her name is not mentioned in the body of the deed, and the deed purports to be that of the husband alone. Other defenses are made not relied on by the ancestor herself, and which could have been of no avail if they had been. By agreement in writing, instead of raising the issues by demurrer or other regular mode of proceeding, all questions are submitted to the court, and it is agreed that the pleas "are to cover any legal objection to a revivor, whether stated or not." And if there be no legal and valid reason why a revivor should not be had, then there is to be a revivor and decree for sale, in accordance with the opinion of the commission court, unless this court shall be dissatisfied with that opinion. The parties also agree that the court may, if it will, look to the deed under which Mary Fleming, the wife, held the land, as a part of the answer to the *scire facias.*

Upon *scire facias* to revive, or bill of revivor, after answer filed by the deceased in his lifetime, the representative, whether administrator or heir, and if the

latter, whether adult or infant, must notice the answer of the deceased, and be bound by it. He must take up the defense at the point where he finds it upon the death of the person under whom he claims. And if the cause be at issue, or ready for hearing, the representative has nothing more to do than manage the trial or hearing. *Lewis* v. *Outlaw*, 1 Tenn., 140. The defenses to the *scire facias* are not such as go to the original cause of action, but only those defenses which may avail to prevent the revivor. And the court add, in the case just cited, that only two points of defense, as it respects the representative, are called to mind: first, not possessing the character of representative attributed by the *scire facias;* and secondly, possessing no interest in the subject matter in dispute. It is clear, therefore, that the matters relied on by these heirs are not valid defenses to the *scire facias*, and that the suit must be revived.

After the suit is revived, the heirs, to use the words of the authority above cited, may "manage the hearing" by making any defense which the wife, if alive, could have made. The question then comes to this: could Mary Fleming, at the hearing before the commission, or now before this court, make the defense relied on by the heirs? If she could, they can. She is, of course, bound by her answer as filed. That answer admits the execution of the mortgage, referring to the deed for greater certainty. The admission extends only to the instrument as it exists, the actual execution, and does not purport to go beyond it. There is nothing, therefore, to prevent her from setting

up the defense, if it be a defense, that her interest in the land did not pass by the deed. What her interest is does not appear. It might be a separate estate which she was expressly prohibited from selling or mortgaging. The weight of authority undoubtedly is that an estate in land cannot be conveyed except by an instrument which designates the grantor by name or otherwise, and purports to convey his property. Grantor must be a party to the efficient and operative parts of the instrument of conveyance. *Bruce* v. *Wood*, 1 Metc., 543; *Foster* v. *Dennison*, 9 Ohio, 161; *Gray* v. *Mathis*, 7 Jones, 502; *Cox* v. *Wills*, 7 Blackf., 410; *Hoge* v. *Hollister*, 2 Tenn. Ch., 606. *A fortiori*, in the case of a married woman, whose power to convey realty is rigidly limited to the mode pointed out by statute. The only decree which can be made is for a sale of the husband's interest in the land, and the bill must be dismissed as to the wife's heirs. With this modification the decree below will be affirmed.

Strictly, we cannot look to the deed mentioned in the agreement of the parties. It is, however, only an ordinary deed from a third person to the husband and wife, the power of sale conferred upon the wife, by joint deed with the husband, being only what she would have had without it. The estate, upon the death of the wife, continued in the husband, and the mortgagee would be entitled to the benefit of the survivorship. *Taul* v. *Campbell*, 7 Yer., 319; *Ames* v. *Norman*, 4 Sneed, 684.