WYLIE DuBOISE

*v.*

STATE OF TENNESSEE

(*Jackson,* April Term, 1956)

Opinion filed April 27, 1956.

JOHN J. CALDWELL, Savannah, for plaintiff in error.

. NAT TIPTON, Advocate General, for the State.

94

MR. JUSTICE BURNETT delivered the opinion of the Court.

The plaintiff in error was indicted, tried and convicted for the offense of assault and battery on a female under 12 years of age. His punishment for this offense was fixed by the jury at confinement in the State prison for 25 years. It is from this judgment and the overruling of the motion for new trial filed therein that the plaintiff appeals.

The State moves that the judgment be affirmed because the bill of exceptions was not filed in time allowed by law. The assignments of error present questions of fact which can only be reached by a valid bill of exceptions. We have examined the technical record and we find no error therein. If the bill of exceptions is not legally and seasonably filed we cannot consider it.

On April 20, 1955, the motion for new trial filed on behalf of the plaintiff in error was overruled and he was allowed 30 days from that date within which to have signed his bill of exceptions. On May 25, 1955, the trial court signed an order in which he undertook to allow an

additional 30 days for the filing of the bill of exceptions. The bill of exceptions is marked filed June 20, 1955, or more than 60 days from April 20, 1955, May having 31 days.

■ Section 27-110 and Section 27-111, T.C.A., provides that a person is automatically allowed 30 days from the date on which the motion for new trial was overruled within which to file his bill of exceptions. These Sections likewise provide that during such 30 days an extension, not to exceed 60 days, may be obtained from the trial judge within which to file his bill of exceptions. For reasons heretofore stated in at least two published opinions it is absolutely necessary that the extension beyond the 30 days allowed by statute from the overruling of the motion for new trial this order must be entered within this period. In the case now before us the purported extension was granted more than 30 days after this time and consequently constitutes a nullity. *Suggs v. State,* 195 Tenn. 170, 258 S.W.2d 747.

After the State's brief was filed, taking the position above outlined; the plaintiff in error countered with a reply brief to this brief in which he attempts to raise the question, and to show by photostatic copies of the record, that the trial judge had never signed the minutes which contained the order convicting the plaintiff in error; the order overruling the motion for new trial, etc., and therefore the plaintiff in error takes the position that since the State as he, the plaintiff in error says, is raising technicalities, the plaintiff in error likewise relies upon technicalities and his motion is that the judgment against him be dismissed and that he be granted a new trial because these minutes had never been signed by the trial judge.

It is true that under Section 16-106, T.C.A., it is provided that:

"The minutes of the court shall be read each morning in open court, and signed by the Judge."

And Section 18-105, T.C.A., Subsection (5), provides that it shall be the duty of the Clerk,

"To keep a well bound book in which shall be entered the minutes of each day's proceedings during the session of the court, in the order in which they are made."

These statutory provisions are merely directory and not mandatory. *State ex rel. Pierce v. Hardin,* 163 Tenn. 471, 43 S.W.2d 923. The failure of a judge, through inadvertence or accident, to sign the minutes of the Court for the day on which the judgment was recovered, does not invalidate the judgment, the provisions of the statute on this subject being directory. *Jackson v. Jackson,* 3 Tenn. Cas. 18, 19. See also *Moore v. State,* 50 Tenn. 493. We are satisfied that the failure of the trial judge to sign the minutes, for the reasons above stated, does not invalidate this judgment and that the minutes speak for themselves.

For the reasons above stated, there being no error in the technical record, we are compelled to affirm the judgment below with costs.