IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 25, 2000

## JACK P. CARR v. DAVID MILLS, WARDEN

**Direct Appeal from the Criminal Court for Morgan County**
**No. 8629      E. Eugene Eblen, Judge**

**No. E2000-00156-CCA-R3-PC**
**October 13, 2000**

The petitioner sought writ of habeas corpus, alleging that he was entitled to relief because the judgments of conviction were not signed by the trial judge. We hold unsigned judgments do not render judgments void, such as entitles a defendant to habeas corpus relief. We affirm the trial court's dismissal.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ROBERT W. WEDEMEYER, JJ., joined.

Joe H. Walker, District Public Defender, and Walter B. Johnson, II, Harriman, Tennessee, for the appellant, Jack P. Carr.

Michael E. Moore, Solicitor General; R. Stephen Jobe, Assistant Attorney General; J. Scott McCluen, District Attorney General, and Frank Harvey, Assistant District Attorney, for the appellee, State of Tennessee.

## OPINION

### Facts

The petitioner, Jack P. Carr, was convicted by a Hamilton County jury in November 1985 of aggravated child abuse, assault with intent to commit voluntary manslaughter, and two counts of aggravated sexual battery. The Hamilton County Criminal Court sentenced the petitioner to twenty years for each count of aggravated sexual battery and three years each for the assault and child abuse counts. The sentences were to run consecutively for an effective term of forty-six years imprisonment. This Court affirmed the petitioner's sentence on direct appeal and the Tennessee Supreme Court denied permission to appeal on February 9, 1987. State v. Carr, No. 975, 1986 WL

12496 (Tenn. Crim. App. Nov. 6, 1986) perm. app. denied, Feb. 9, 1987. After numerous other appeals, the petitioner, on October 15, 1999, filed a petition for writ of habeas corpus in the Morgan County Criminal Court. The petitioner asserted in his petition that his conviction judgments were void for lack of a judge's signature. In support of this position, the petitioner attached what he purported to be judgments for each of his convictions. However, these documents appear to be mittimuses instructing the sheriff or jailer as to the petitioner's sentence.

On December 20, 1999, the Morgan County Criminal Court dismissed the petition for failure to establish a basis for habeas relief. The petitioner's appeal is timely before this Court and the petitioner asserts that the trial court erred in holding that he failed to meet his burden of proof that the judgment documents were not signed by the judge.

**Analysis**

Article I, § 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. A writ of habeas corpus is granted only when a petitioner establishes lack of jurisdiction for the order of confinement or entitlement to immediate release because the sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992); see also Ussery v. Avery, 432 S.W.2d 656 (Tenn. 1968); State ex rel. Wade v. Norvell, 443 S.W.2d 839 (Tenn. Crim. App. 1969). Someone "imprisoned or restrained of his liberty, under any pretense whatsoever, . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment." Tenn. Code Ann. § 29-21-101. In addition, a trial court may summarily dismiss a petition for writ of habeas corpus without an evidentiary hearing if nothing on the face of the judgments indicates that the convictions are void. Passerella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

Here, the petitioner does not assert that the convicting court was without jurisdiction and does not contend that his sentences have expired. He merely alleges that judgments in Case Nos. 160946, 160949, 161032, and 161033 are void for not including the judge's signature. Initially, we note that the trial court, in reviewing the writ petition, concluded that not only did the petitioner fail to allege that the convicting court was without jurisdiction or authority to sentence the defendant or that his sentence has expired, but also the petitioner failed to show lack of a signature on the original judgments. The petitioner attached what he alleged were judgments to his petition for writ of habeas corpus and cited to the lack of a judge's signature on these as a basis for nullifying the judgments. The documents were titled "COPY JUDGMENT–CONVICTION, PENITENTIARY (VERDICT OF JURY)." In addition to being certified by the Hamilton County Criminal Court Clerk to be "true and perfect" copies of the sentences rendered in court by the Honorable Douglas Meyer, the documents also reflected the nature of the charges, the jurors before whom the petitioner was tried, the verdicts, and the sentences imposed by the trial judge. In fact, at the bottom of these documents appears: "To the Warden of the State Penitentiary." The documents that the petitioner submitted appear to be mittimuses, which are affidavits to the sheriff or jailer as to the defendant's sentence. See Tenn. Code Ann. § 41-4-106. A mittimus serves to direct the jailer or sheriff as to a prisoner's

commitment or discharge and is kept by the sheriff, or jailer, under the sheriff's direction. <u>See</u> Tenn. Code Ann. § 41-4-106. A mittimus is essentially directory in nature; it is not a judgment and does not require a judge's signature.

This Court recently addressed substantially the same issue asserted by petitioner, concluding that the lack of a judge's signature does not render a judgment void. <u>See, e.g.</u>, <u>Robinson v. State</u>, No. E1999-00945-CCA-R3-PC (Tenn. Crim. App., filed Aug. 30, 2000, at Knoxville); <u>Johns v. State</u>, No. E1999-00260-CCA-R3-CD, 2000 WL 262901 (Tenn. Crim. App. March 9, 2000)(affirming trial court's denial of habeas corpus relief, holding lack of signature on minute book entry does not render judgment void) <u>perm. app. denied</u>,(Tenn. Sept. 11, 2000); <u>see also</u> <u>Mayes v. State</u>, No. E1999-01374-CCA-R3-CD, 2000 WL 215675 (Tenn. Crim. App. Feb. 24, 2000)(holding lack of signature on photo copy of judgment does not render judgment void) <u>perm. app. denied</u>, (Tenn. Sept. 11, 2000).

In this case, the trial court concluded that petitioner's writ petition failed to assert a valid basis for habeas relief. We believe that the documents submitted in support of the petitioner's writ are mittimuses and not copies of the original judgments nor the original judgments. Even if the documents qualify as judgments or petitioner introduced original judgments and said judgments were not signed, the absence of the signature would not render the judgments void. <u>See</u>, <u>e.g.</u>, <u>Duboise v. State</u>, 200 Tenn. 93, 290 S.W.2d 646 (1956); <u>Crum v. Fillers</u>, 6 Tenn. App. 547 (1926). Therefore, after reviewing the record, we hold that based upon the above precedent and this Court's recent decisions in <u>Robinson</u>, <u>Johns</u>, and <u>Mayes</u>, the trial court correctly denied petitioner's writ petition and, thus, the petitioner is not entitled to any relief.

**Conclusion**

Accordingly, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE