IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 13, 2000

## JAMES RINES v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Cocke County**
**No. 26,242 III     Rex Henry Ogle, Judge**

_____

**No. E2000-01066-CCA-R3-PC**
**January 19, 2001**
_____

The petitioner appeals the trial court's dismissal of his "petition to correct illegal judgment/sentence." Finding no basis for a rightful appeal or a discretionary appeal via the common law writ of *certiorari*, we dismiss the appeal.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed; Appeal is Dismissed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID G. HAYES, J., joined and NORMA MCGEE OGLE, J., did not participate.

James Rines, Pro Se

Paul G. Summers, Attorney General & Reporter; Elizabeth B. Marney, Assistant Attorney General; Al C. Schmutzer, Jr., District Attorney General; James B. Dunn, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

The petitioner, James Rines, appeals the Cocke County Circuit Court's dismissal of his "petition to correct illegal judgment/sentence" that was filed in that court on February 15, 2000. The petitioner challenges his 1990 first degree murder conviction and life sentence on the grounds that (1) upon the return of a jury verdict of guilty, the trial court sentenced the defendant to life in prison without ordering a presentence report, without sending a presentence report to the Department of Correction, and without conducting a sentencing hearing; (2) the trial court failed to conduct a hearing on the motion for new trial; (3) the trial court failed to enter the judgment of conviction into court records; and (4) the trial judge failed to sign the minute entries that effected the court's overruling of the motion for new trial. The trial court summarily dismissed the petition without a hearing on April 5, 2000. We have reviewed the record, the briefs of the parties, and the applicable law. Because we find that the petitioner has no avenue of appeal via Tennessee Rule of Appellate

Procedure 3 and that he has stated no basis that would justify the grant of a discretionary writ of *certiorari*, the appeal must be dismissed.

We discern from the sparse record that this court affirmed the defendant's first degree murder conviction, *see State v. James Rines*, No. 03C01-9204-CR-00115 (Tenn. Crim. App., Knoxville, Jan. 13, 1993), *perm. app. denied* (Tenn. 1993), and affirmed the dismissal of his petition for post-conviction relief, *see James Rines v. State*, No. 03C01-9606-CC-00210 (Tenn. Crim. App., Knoxville, Jan. 28, 1997), *perm. app. denied* (Tenn. 1997). In May 1990, when the defendant committed the offense upon which his conviction is based, the only sanctions for first degree murder were death or life imprisonment. *See* Tenn. Code Ann. § 39-13-204(a) (1991) (amended Acts 1995, ch. 356; ch. 377; Acts 1996, ch. 380). The state acknowledges that the trial court imposed a life sentence without ordering or receiving a presentence report and without conducting a sentencing hearing. Although the petitioner alleges in his petition and his brief that the conviction judgment was not entered of record and that the minute entry of the order overruling the motion for new trial was not signed by the trial judge, the record before us does not reflect the bases of these claims. In fact, in this court's record of the petitioner's direct appeal, the trial court clerk has certified as a part of the official trial record the judgment of conviction and a judge-signed minute entry ordering the denial of the motion for new trial.

The proceeding before the trial court was a "petition to correct illegal judgment/sentence." Rule 3(b) of the Tennessee Rules of Appellate Procedure sets forth the types of cases which may serve as the grounds for a rightful appeal to this court. *See* Tenn. R. App. P. 3 (b). The petition of the type filed below is not among those enumerated causes of action, and accordingly the petitioner has no claim to an appeal as a matter of right. *See id.*; *Bobby Lee Tate v. State*, No. E2000-00796-CCA-R3-CD, slip op. at 2 (Tenn. Crim. App., Knoxville, Dec. 6, 2000); *State v. William Boyd*, No. E1999-02179-CCA-R3-PC, slip op. at 2 n.7 (Tenn. Crim. App., Knoxville, Nov. 6, 2000).

Previously, this court has considered granting the common law writ of *certiorari* in order to review the dismissal of similar claims. *See State v. Leath*, 977 S.W.2d 132, 135 (Tenn. Crim. App. 1998); *State v. Bruce C. Reliford*, No. W1999-00826-CCA-R3-CD, slip op. at 2-3 (Tenn. Crim. App., Jackson, Oct. 2, 2000). However, were we to view the petitioner's ineffectual Rule 3 appeal alternatively as an application for the writ of *certiorari*, we simply find no basis for granting the writ.

We point out that the preferred method for presenting claims of the type alleged in the petition below is through an application for a writ of *habeas corpus*. *See Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000). A significant limitation on the use of the writ of *habeas corpus* to attack the legality of a sentence is the requirement that the judgment or sentence be void or that the sentence have expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). A sentence is void when the convicting court lacked jurisdiction to render the judgment. *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998); *Archer*, 851 S.W.2d at 164.

In our view, the petitioner's allegations do not suggest that the trial court's judgment is void. The only sentence alternative available to the trial court in 1990 was life in prison. This court has held that, in that situation, the trial court commits no error by declining to hold a sentencing hearing. *See State v. Len Martucci,* No. 213, slip op. at 7 (Tenn. Crim. App., Knoxville, Apr. 3, 1990), *perm. app. denied* (Tenn. 1990).

Even if this court accepted as true the allegation that the trial court failed to sign the minutes which reflected the denial of the motion for new trial, our supreme court has held that Tennessee Code Annotated section 16-1-106(a), which directs the judge's signing of the court's minute entries, is directory only and not mandatory. *DuBoise v. State,* 200 Tenn. 93, 96, 290 S.W.2d 646, 647 (1956). The failure to sign minutes does not invalidate a judgment. *Jerry L. Johns v. State,* No. E1999-00260-CCA-R3-CD (Tenn. Crim. App., Knoxville, Mar. 9, 2000), *perm. app. denied* (Tenn. 2000). At any rate, in the appellate record from the petitioner's direct appeal of his conviction, the trial court clerk has certified and included a minute entry of an order overruling the motion for new trial that is signed by the trial judge.

Furthermore, even if the petitioner's allegation were accurate that the conviction judgment was not duly entered in the court record, the status of the record might well indicate an incomplete criminal proceeding - - due to the absence of a judgment - - but not a void judgment. We need not base our decision upon this supposition, however, because the direct appeal record reposed in this court shows that the conviction judgment was certified and included in the trial court record. Thus, the judgment was effective and became final when our supreme court denied the petitioner's application for Rule 11 review. *See* Tenn. R. App. P. 11.

Thus, even though Tennessee Rule of Appellate Procedure 3 does contemplate a rightful appeal from the denial of a petition for *habeas corpus* relief, we see no basis for a *habeas corpus* claim nor for remanding to the trial court for the purpose of making factual findings that might serve as the basis for a *habeas corpus* claim. We therefore decline to consider the petition alternatively as a petition for *habeas corpus*.

Having determined that the instant appeal is not well taken, the appeal is dismissed.

_____
JAMES CURWOOD WITT, JR., JUDGE