# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 31, 2002

## JERRY L. JOHNS v. DONAL CAMPBELL, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 01-203-I      Irvin H. Kilcrease, Jr., Chancellor**

––––––––––––––

**No. M2001-02110-COA-R3-CV - Filed December 5, 2002**

––––––––––––––

Jerry L. Johnson, pro se, seeks a declaratory judgment that he is being held in the Tennessee Department of Correction without proper authority. The trial court sustained a Motion for Summary Judgment filed by the Commissioner and we affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Jerry L. Johns, Mountain City, Tennessee, Pro Se.

Michael E. Moore, Solicitor General; Kimberly J. Dean, Deputy Attorney General, for the appellees, Donal Campbell and the Tennessee Department of Correction

## MEMORANDUM OPINION[1]

Jerry L. Johns was convicted on April 10, 1987 of felonious assault with intent to commit first degree murder, aggravated kidnaping by use of a deadly weapon, and armed robbery. He received an effective sentence of 73 years, which was affirmed on direct appeal. *State v. Johns*, 1988 WL 74648 (Tenn. Crim. App. July 22, 1988). The lack of signed documents of conviction was not raised as an issue, either on his direct appeal or on the first of his post-conviction relief petitions. *Johns v. State*, 1995 WL 447778 (Tenn. Crim. App. Dec. 28, 1995).

––––––––––––––––––––

[1]Court of Appeals Rule 10:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

Next, in a Petition for Habeas Corpus, Johns asserted that his convictions were void because a minute entry setting forth his sentences was not signed by the trial judge. The Court of Criminal Appeals disagreed. *Johns v. State*, 2000 WL 262901 (Tenn. Crim. App. Mar. 9, 2000). Johns then filed a motion in the Criminal Court of Knox County seeking to vacate the judgments against him, one ground of said motion was that the trial judge did not sign the court minutes. This too was unsuccessful. *Johns v. State*, 2000 WL 1739219 (Tenn. Crim. App. Nov. 27, 2000).

In the present Petition for Declaratory Judgment, he asserts:

> On or about September 26, 2000, the petitioner made application for a Declaratory Order through the Tennessee Department of Correction, Office of the Commissioner. On or about November 21, 2000, the petitioner received a formal letter declining issuance of said Declaratory Order.
>
> The petitioner is being held in the TDOC without proper authority per T.C.A. 41-21-102. On May 22, 1987, the petitioner was delivered to the TDOC with only a copy of the sentence per T.C.A. 41-21-104. T.C.A. 41-21-105(a)(1) requires the clerk to furnish a copy of the indictments, duly certified, as well as copies of the judgment and commitment papers.
>
> The TDOC does not have one single document signed by a judge of a Circuit or Criminal Court sentencing the petitioner to serve any sentence in the TDOC. Contrary to the contention of the TDOC, a clerk of a court is not empowered to pass judgment on a criminal defendant nor sentence one to prison.

Just as the word "shall" in Tennessee Code Annotated section 16-1-106(a), relative to minute entries being signed by the trial judge was construed to be directory rather than mandatory in *Johns v. State*, 2000 WL 262901 (Tenn. Crim. App. Mar. 9, 2000), so are the provisions of Tennessee Code Annotated sections 41-21-102, 41-21-104, and 41-21-105(a)(1), directory only and failure of strict compliance does not void the underlying judgments or detract from the authority of TDOC to hold the prisoner. *See also, Duboise v. State*, 200 Tenn. 93, 96, 290 S.W.2d 646, 647 (1956).

The action of the trial judge is affirmed and costs are assessed to Appellant.

_____
WILLIAM B. CAIN, JUDGE