IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 28, 2005

**TORRIS BENSON v. GLEN TURNER, Warden**

**Direct Appeal from the Criminal Court for Loudon County**
**No. 6857      E. Eugene Eblen, Judge**

_____

**No. E2005-00409-CCA-R3-HC - Filed November 7, 2005**

_____

The petitioner, Torris Benson, was convicted in 1987 of robbery and aggravated assault and sentenced to life in prison as a habitual criminal. In a *pro se* petition for writ of habeas corpus, he claimed his habitual criminal sentence is illegal and void because the prior judgments on which the sentence was based were unsigned. The trial court dismissed the petition, and this timely appeal followed. Following our review, we affirm the dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JERRY L. SMITH, JJ., joined.

Joe H. Walker, District Public Defender, and Walter B. Johnson, II, Assistant Public Defender, for the appellant, Torris Benson.

Paul G. Summers, Attorney General and Reporter, and John H. Bledsoe, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

**Procedural History**

In 1987, the petitioner was convicted in Loudon County of robbery and aggravated assault. He was sentenced as a habitual criminal to life in prison for the robbery conviction and received a concurrent eight-year sentence for the aggravated assault. The petitioner's sentence enhancement to habitual criminal for the robbery charge was based on prior convictions he had from Knox County in 1973, 1977, and 1985. This court affirmed the petitioner's convictions and sentences. See State v. John Lee Benson and Torris Benson, No. 68, 1987 WL 19676 (Tenn. Crim. App. Nov. 12, 1987), perm. to appeal denied (Tenn. Mar. 7, 1988). Subsequently, the petitioner filed a petition for post-

conviction relief attacking, on numerous grounds, the validity of the 1973 and 1977 convictions.[1] The trial court denied post-conviction relief and this court, again, affirmed. See Torris H. Benson v. State, No. 03C01-9212-CR-00432, 1993 WL 311871 (Tenn. Crim. App. Aug. 17, 1993). In 2004, the petitioner, *pro se,*[2] filed a petition for writ of habeas corpus in Loudon County arguing that his habitual criminal sentence was illegal and void

> [b]ecause the prior judgments of convictions used as proof of prior conviction to enhance subsequent conviction [] does not contain the trial judges [sic] handwritten signature on the judgments of conviction and they could not be used as proof of prior conviction for purpose of enhancing sentence for subsequent conviction in first instance[.]

The trial court dismissed the petition, finding "that the petitioner has not proven that his judgment of conviction is void, that his sentence is illegal or that his sentence has expired."

## ANALYSIS

### Habeas Corpus Relief

In Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005), our supreme court explained the narrow grounds which justify the granting of habeas corpus relief:

> The grounds upon which habeas corpus relief is available are narrow. Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). A petitioner is entitled to habeas corpus relief only if the petition establishes that the challenged judgment is void, rather than merely voidable. Id.; Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A judgment is void "only when it appears on the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted). A void or illegal sentence is one whose imposition directly contravenes a statute. Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000). A voidable conviction or sentence is valid on its face and requires evidence beyond the face of the record or judgment to demonstrate its invalidity. Taylor, 995 S.W.2d at 83 (citations omitted). A trial court may dismiss a habeas corpus petition without a hearing if the petition fails to establish that the challenged judgment is void. Tenn. Code Ann. § 29-21-109 (2000); Hickman, 153 S.W.3d at 20.

---

[1] The petitioner raised five issues concerning the 1973 and 1977 convictions, but none concerned the fact that the judgments were unsigned.

[2] Subsequent to receiving the petitioner's petition, the trial court appointed him legal counsel.

A petitioner seeking habeas corpus relief must file his petition with the "court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." Tenn. Code Ann. § 29-21-105 (2003). Tennessee Code Annotated section 29-21-107(a) provides that habeas corpus petitions must be signed and verified by affidavit. This statute further requires the petition to state:

> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

> (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

> (3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

> (4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

Tenn. Code Ann. § 29-21-107(b) (2003). The procedural requirements for habeas corpus are "mandatory and must be followed scrupulously." Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993). As such, a petition for habeas corpus relief may be dismissed for failure to follow the procedural provisions of the habeas corpus statutes. Hickman, 153 S.W.3d at 21.

## A. Venue

We initially address the State's argument that the trial court should have dismissed the petitioner's petition because he filed it in the convicting court, Loudon County, and not the court most convenient to his location in Hardeman County, where he is presently incarcerated, as required by Tennessee Code Annotated section 29-21-105. Although not addressed in the appellate brief, the petition stated that the petitioner's "sufficient reason" for filing the petition in the convicting court was because it "possesse[d] all of the records relevant to [his] sentence." In its motion to dismiss the petition and in its appeal brief, the State correctly points out that we have repeatedly held that the fact the convicting court has records concerning a petitioner's case is not a sufficient reason to file a habeas corpus petition there.[3] We continue to agree with this and find a convicting court may

---

[3] See, e.g., Marvin Anthony Matthews v. State, No. W2003-00106-CCA-R3-CO, 2003 WL 23100812, at *1 (Tenn. Crim. App. Dec. 31, 2003); Torrey Caldwell v. State, No. M2002-02436-CCA-R3-CO, 2003 WL 21877924, at
(continued...)

dismiss a habeas corpus petition if Tennessee Code Annotated section 29-21-105 is not followed. Our supreme court in Hickman explained that "[a] habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements; however, dismissal is *not* required. . . . [T]he habeas corpus court may choose to adjudicate the petition on its merits." 153 S.W.3d at 21 (emphasis added) (footnote omitted); see also Michael W. Smith v. State, No. W2004-00689-CCA-R3-HC, 2005 WL 1968671, at *2 (Tenn. Crim. App. Aug. 16, 2005); Douglas Hayden Kirkham, Jr. v. State, No. M2004-02635-CCA-R3-HC, 2005 WL 1025775, at *2 (Tenn. Crim. App. May 3, 2005) (holding that although the petitioner filed his habeas corpus petition in the convicting court and not the court most convenient to him "the trial court did not base its dismissal on the procedural deficiencies but on the merits of the allegations, which the court was entitled to do"). In this case, the trial court decided to hear the petitioner's petition on its merits, finding that because "the petitioner's now-challenged conviction was imposed in this [c]ourt, then this [c]ourt is a proper venue." Although the trial court could have dismissed the petition for improper venue, it did not abuse its discretion in refusing to do so.

## B. Unsigned Judgments

The petitioner argues that the Knox County judgments that were used to enhance his robbery sentence to habitual criminal are facially invalid and void because they were not signed by a judge. We initially note that, in his brief, the petitioner states that the copies of these judgements "were inadvertently not transmitted by the trial court and will be supplemented in the record." In the appellate record, we can only find certified copies of what appears to be sentencing minutes of the Knox County Criminal Court reflecting the sentences in question. We do not have copies of anything that purports to be judgments from Knox County. With this discrepancy in mind, we will consider the petitioner's argument.

The petitioner argues the following prior felony convictions[4] were used to enhance his sentence:[5]

---

[3](...continued)
*3 (Tenn. Crim. App. July 9, 2003), perm. to appeal denied (Tenn. Nov. 24, 2003); State v. Alfonzo E. Anderson, No. W2000-00737-CCA-R3-CO, 2002 WL 1558491, at *1 (Tenn. Crim. App. Jan. 9, 2002); Paul Barnett v. State, No. E1999-01583-CCA-R3-CD, 2000 WL 782048, at *2 (Tenn. Crim. App. June 20, 2000); Earl Raines v. State, No. E1999-01340-CCA-R3-PC, 2000 WL 562292, at *2 (Tenn. Crim. App. May 9, 2000), perm. to appeal denied (Tenn. Nov. 6, 2000); Jimmy Wayne Wilson v. State, No. 03C01-9806-CR-00206, 1999 WL 420495, at *2 (Tenn. Crim. App. June 24, 1999), perm. to appeal denied (Tenn. Nov. 22, 1999); Ashad Rashad Abdullah Ali Muhammad v. State, No. 01C01-9707-CC-00300, 1997 WL 779095, at *1 (Tenn. Crim. App. Dec. 18, 1997). But see State v. Donald Ree Jones, No. M2000-00381-CCA-R3-CD, 2000 WL 1520012, at *2 (Tenn. Crim. App. Oct. 13, 2000) (holding that location of records sufficient reason when challenge is to void sentence).

[4]We obtained this list from the petitioner's petition. We compiled the sentencing information from the sentencing minutes and our prior case concerning the petitioner. Benson, 1993 WL 311871, at **1-2.

[5]In his petition, the petitioner also claimed his sentences were enhanced by two 1982 counts of aggravated assault, case number 12297. This issue was resolved in one of his prior appeals. See Benson, 1987 WL 19676, at *4
(continued...)

-4-

| Number | Sentence | Offense | Date of Sentence |
|--------|----------|---------|------------------|
| 6715 | 3 to 9 years | Second Degree Burglary | February 1, 1973 |
| 6716 | 3 to 9 years | Second Degree Burglary | February 1, 1973 |
| 6717 | 1 year | Attempt to Commit a Felony | February 1, 1973 |
| 6746 | 3 to 9 years | Second Degree Burglary | February 1, 1973 |
| 6747 | 3 years | Second Degree Burglary | February 1, 1973 |
| 7091 | 3 to 9 years | Second Degree Burglary | February 1, 1973 |
| C2868 | 6 to 10 years | Third Degree Burglary | September 28, 1977 |
| 21045 | 6 years | Second Degree Burglary | September 16, 1985 |
| 21045 | 6 years | Assault with Intent to Commit Robbery of a Victim over 65 years of Age | September 16, 1985 |
| 21045 | 6 years | Assault with Intent to Commit Robbery of a Victim over 65 years of Age | September 16, 1985 |

The copy of the February 1, 1973, sentencing minutes concluded with the following:

(S) RICHARD R. FORD
RICHARD R. FORD, JUDGE
DIVISION II
CRIMINAL COURT

The copy of the September 28, 1977, sentencing minutes concluded with the following:

(S) GEORGE P. BALITSARIS
GEORGE P. BALITSARIS, JUDGE
DIVISION III
CRIMINAL COURT

The copy of the September 16, 1985, sentencing minutes concluded with the following:

(S) RAY L. JENKINS
RAY L. JENKINS, JUDGE
DIVISION II
CRIMINAL COURT

---

[5](...continued)
(holding that although the habitual criminal count referred to the aggravated assaults as triggering offenses, "the trial court permitted the state to delete the improper reference to [them] before the bifurcated sentencing hearing began. This ruling was entirely proper, since the reference was surplusage, and no prejudice resulted to" the defendant.).

None of these minutes bear a handwritten signature by the judge. The petitioner argues the lack of signature on these documents makes the sentences void and, therefore, none could be used to enhance his sentence to habitual criminal.

Tennessee Code Annotated section 16-1-106(a) provides:

> The minutes of the court for each day's work shall be signed by the judge. The minute book shall provide a place for the judge's signature after the minute entries each day; however, where the orders of the court are photocopied so that an accurate facsimile of the entire order and judge's signature appears, it shall be sufficient for the judge to sign at the end of the minute book approving all the minutes in the book.

Tenn. Code Ann. § 16-1-106(a) (1994). Although minutes are required to be signed by the judge, we have previously explained that this requirement "is directory rather than mandatory and . . . the failure to sign the minutes does not invalidate a judgment." Jerry L. Johns v. State, No. E1999-00260-CCA-R3-CD, 2000 WL 262901, at *2 (Tenn. Crim. App. Mar. 9, 2000), perm. to appeal denied (Tenn. Sept. 11, 2000) (citing DuBoise v. State, 200 Tenn. 93, 96, 290 S.W.2d 646, 647 (1956)). As such, we conclude the unsigned minutes do not invalidate the judgments that were used to enhance the petitioner's sentence to habitual criminal.

The petitioner acknowledged this contrary authority but tried to distinguish his matter by arguing that "he is not attacking the triggering offense per se, but the prior convictions used to illegally enhance his conviction to the status of habitual criminal." In our view, this is not a valid distinction. If the failure of a trial judge to sign a judgment does not render a defendant's conviction void, then a trial court's failure to sign a judgement that is later used to enhance a defendant's sentence likewise is not void.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the trial court's dismissal of the habeas corpus petition.

_____
ALAN E. GLENN, JUDGE

-6-